## Allwein v. Zoning Hearing Board

*James T. Reilly*, of *Egli, Walter, Reilly & Wolfson*, for appellants.

*Keith L. Kilgore*, of *Spitler, Rowe & Kilgore*, contra.

GATES, P.J., May 29, 1975.—Appellants are residents of 801 Rex Avenue in North Cornwall Township, Lebanon County, Pa. On July 19, 1974, they filed an appeal with the zoning hearing board after the zoning officer refused their application for a variance to build

an addition to their home. Appellants' property is located in a residential R-1 district in North Cornwall Township. Their application was filed pursuant to the zoning ordinance of the township, Article 7, sec. 7.3.

On August 29, 1974, a hearing was held before the Zoning Board of North Cornwall Township. A decision, however, was not rendered by that board until October 12, 1974. The board denied the request and this appeal followed.

On July 29, 1974, the General Assembly brought sunshine to governmental agencies in this Commonwealth. On that date, it enacted Act No. 175, 65 PS §§261, et seq., which became effective September 19, 1974. The act requires public agencies to hold meetings and hearings open to the public and requires specific methods and procedures for advance public notice of these meetings. The act has been dubbed the "Sunshine Law."

As used in Act No. 175, "agency" is defined as follows:

" 'Agency' means any branch, department, board, authority or commission of the Commonwealth of Pennsylvania, any political subdivision of the Commonwealth, or any State, municipal, township or school authority, school board, school governing body, . . . or similar organization created by or pursuant to a statute which declares in substance that the organization performs or has for its purpose the performance of an essential government function: . . ."

The general municipal law of this Commonwealth (Act of July 31, 1968, P.L. 805, sec. 901) requires every municipality which enacts a zoning ordinance under the terms of the act to create a zoning hearing board. Under the terms of the creating statute, the zoning board is empowered to hear and decide appeals on

alleged errors of law, to hear and decide applications for special exceptions, and to authorize, on appeals, certain variances from the terms of the zoning ordinance of the township: Ford v. Lower Providence Township, 94 Montg. 47 (1970). Performing, as it does, an essential governmental function, we are of the opinion that it is an "agency" within the broad scope of coverage of the "Sunshine Law." [1]

The "Sunshine Law," or the "Open Meeting Law of Public Agencies" law, by which it is more formally known, has as its object and purpose, the elimination of secrecy in matters affecting the public. There is great potential for zoning officials to practice favoritism and discrimination in granting or refusing variances and exceptions. As of this writing, we know of several zoning officials in the Commonwealth who are under investigation on charges of accepting bribes for granting exceptions and variances to zoning ordinances. This, to our mind, indicates that the governmental function of the zoning board is not only important but essential. Its activities must be subject to public scrutiny. To insure this, the act provides, in section 2, as follows:

"The meetings or hearings of every agency at which formal action is scheduled or taken are public meetings and shall be open to the public at all times. No formal action shall be valid unless such formal action is taken during a public meeting."

In section 1, "formal action" is defined, inter alia, as the ". . . taking of any vote on any resolution,

---

[1]We have given thought to appellee's "ejusdem generis" argument, but reject it. The Zoning Hearing Board is a statutory board of a political subdivision of the Commonwealth. Thus, it clearly falls within the agency definition.

rule, order, motion, regulation or ordinance or the setting of any official policy . . ."

Initially, we note that the hearing before the zoning board was held prior to the adoption of the Sunshine Law. However, at that meeting no vote was taken on appellants' application. Concededly, the vote was not taken at a public meeting but was conducted over the telephone. The telephone conversation took place some time in early October of 1974, after the passage and effective date of the Sunshine Law. Inasmuch as voting on the application is "formal action" within the meaning of the Sunshine Law and it was not done at a public meeting as required, the action was invalid.[2]

It follows then that the zoning hearing board has not complied with section 908(9) of the statute which created it. Under the terms of that statute, where the board fails to render a valid decision within a period of 45 days of the hearing, the decision shall be deemed to have been rendered in favor of the applicant.

## ORDER

And now, to wit, May 29, 1975, it is the order of the court that the North Cornwall Township Zoning Hearing Board shall direct the zoning officer to issue the building permit to James K. Allwein and Judith F. Allwein.

---

[2]Appellee's reliance on Beverly Building Corporation v. Board of Adjustment of Lower Merion Township, 409 Pa. 417, is misplaced. There, the Pennsylvania Supreme Court affirmed on the opinion of Judge Honeyman, reported in 28 D. & C. 2d 761. Judge Honeyman specifically held, at page 766, that there was no requirement that a public meeting be held to vote on a zoning application. When he made this decision in 1961, he was right. But after the effective date of the Sunshine Law on September 19, 1974, the decisional value of the case disappeared at sunrise.