Joseph W. Pae and Irene Pae, his wife, Appellants *v.* Hilltown Township Zoning Hearing Board, Appellee.

Argued April 6, 1978, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

230

*John A. VanLuvanee,* with him *William H. Eastburn, III,* and *Eastburn and Gray,* for appellants.

*Charles S. Wilson,* with him *Larry B. Maier,* and *Charles S. Wilson & Associates,* for appellees.

OPINION BY JUDGE ROGERS, May 2, 1978:

The appellants, Joseph Pae and Irene Pae, his wife, have appealed an order of the Court of Common Pleas of Bucks County affirming a decision of the Hilltown Township Zoning Hearing Board denying the appellants' application for a variance. The appellants contend that the Township Zoning Hearing Board's procedures were so defective that we should hold that the variance must be deemed to have been granted and, alternatively, that the variance on the merits should have been granted. None of their contentions in our view have merit and we will affirm.

The appellants own a three acre tract of land located in the Township's R-50 Residential and Agricultural District. Commercial uses are not permitted in the R-50 District.

The appellants bought their three acre parcel from one Herbert Shackleton. It was a part of a 17 acre tract which Shackleton had bought from one Paul Schmidt. In 1969 Schmidt applied for and obtained a variance from the Township Zoning Hearing Board permitting him to construct fishing ponds on the 17 acre tract and to use the ponds for public on-site fishing for a fee. In addition to the ponds Schmidt erected a luncheonette. In 1973, Shackleton applied for

and received Township approval to divide the three acre tract from the 17 acres. Shackleton then entered into an agreement to sell the three acre parcel to the appellants, who wanted to construct an auto repair shop. On August 14, 1973 Hilltown Township issued Shackleton a building permit. The permit does not state the type of building authorized and the application for permit, if any was executed, is not in the record. The Paes commenced construction of a garage building in late August, 1973. The Paes settled for the land with Shackleton in late September, 1973. Joseph Pae used the garage building as an auto body repair shop on a part-time basis beginning in September 1973. In December 1973, the appellants applied to the Township for, but were denied, permission to use the garage building as an auto body shop. The reason given for the refusal was that such use was not permitted in the R-50 zoning district. The appellants nevertheless continued to use the garage on a part-time basis until the summer of 1974 when they began full-time operations. On or about May 2, 1975, the Township ordered the Paes to cease and desist their auto body repair business.

On May 28, 1975, appellants filed an application for a variance. The Zoning Hearing Board held a hearing on September 15, 1975 and denied the application. On appeal, the Court of Common Pleas admitted into the record a stipulation of counsel that the Zoning Hearing Board's final written decision was dated October 29, 1975 and that a copy thereof was mailed to appellants on November 6, 1975. The court also admitted depositions of the three members of the Hilltown Township Zoning Hearing Board. The purpose of the depositions was to demonstrate the manner in which the Board had reached and communicated its decision in test of whether the procedure violated the so-called "Sunshine Law," Act of July 19,

1974, P.L. 486, *as amended*, 65 P.S. §261 et seq. They revealed that the members of the Zoning Hearing Board at the termination of the Board hearing invited the appellants to remain and hear the Board's decision. Later, the members of the Board, still in public session, orally conducted a poll and unanimously voted to deny the appellants' application. Written findings of fact and conclusions of law were prepared by the Board's solicitor and circulated among the members. Each member of the Board went to the solicitor's law office and executed the written decision. When all had signed, the solicitor dated the decision October 29, 1975.

The appellants first say that no valid decision was rendered by the Zoning Hearing Board within the 45 day limitation fixed by Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908(9), and that their application for a variance should therefore be deemed to be approved.[1] Section 908(9) of the MPC pertinently provides:

> (a)  *The board* or the hearing officer, as the case may be, *shall render a written* deci-

---

[1] The appellants also argued below that the Board mailed its written decision to them some eight days after it was rendered, in violation of Section 908(10) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908(10). Section 908(10) provides, *inter alia*, that:

> A copy of the final decision . . . shall be delivered to the applicant personally or mailed to him not later than the day following its date. . . .

The court below properly noted that the late mailing was not fatal to the Board's decision. Absent demonstrated injury to appellants, Section 908(10) of the MPC is directory only. *Limekiln Golf Course, Inc. v. Zoning Board of Adjustment of Horsham Township*, 1 Pa. Commonwealth Ct. 499, 275 A.2d 896 (1971). *See also Heisterkamp v. Zoning Hearing Board of the City of Lancaster*, 34 Pa. Commonwealth Ct. 539, 383 A.2d 1311 (1978).

sion or, when no decision is called for, make written findings on the application within *forty-five days after the last hearing before the board or hearing officer. . . .* Where the board fails to render the decision within the period required by this subsection . . . the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time. (Emphasis added.)

The appellants do not contest that the Zoning Hearing Board's decision dated October 29, 1975 was not made within 45 days after its hearing on September 15, 1975. They argue, rather, that the requirements of Section 2 of the "Sunshine Law" were not met. That provision is as follows:

The meetings or hearings of every *agency* at which *formal action* is scheduled or taken are public meetings and *shall be open to the public at all times.* No formal action shall be valid unless such formal action is taken during a public meeting. (Emphasis added.)

It is the appellants' thesis that the Zoning Hearing Board's written decision not having been made at a public meeting was invalid because not made in compliance with the "Sunshine Law," and that the oral decision, which was so rendered, was not the "formal action" required by the same "Sunshine Law" because Section 908(9) of the MPC requires a written decision. They cite *Patwardhan v. Bedminster Township Zoning Hearing Board*, 29 Bucks Co. L. Rep. 36 (1976), and *Allwein v. Zoning Hearing Board*, 68 Pa. D. & C. 2d 787 (1975) for the proposition that this supposed violation of law had the effect of converting the Board's action denying the variance by writing to nonaction for purposes of Section 908(9) of the MPC.

We held in *Appeal of the Emmanuel Baptist Church,* 26 Pa. Commonwealth Ct. 427, 364 A.2d 536 (1976), that the proceedings of zoning hearing boards are required to be conducted in accordance with the requirements of Section 2 of the Sunshine Law. The appellants would have us hold that the formal action referred to in the Sunshine Law in zoning hearing board matters means the written decision required by Section 908(9) of the MPC. This is clearly not the case. Section 1 of the Sunshine Law, 65 P.S. §261, defines formal action as follows:

'Formal action' means the *taking of any vote* on any resolution, rule, order, motion, regulation or ordinance or the setting of any official policy. Meetings, pre-trial conferences, hearings, and formal action by the judiciary or judicial branch shall not be subject to the provisions of this act. (Emphasis added.)

The taking of a vote is not something which is ordinarily accomplished by executing a writing. The suggestion that a provision of an Act other than the Sunshine Law requiring a decision to be evidenced by a writing should be held to control the operation of the Sunshine Law is unacceptable.

In passing, we note that even had the Zoning Hearing Board violated the Sunshine Law while complying with the 45 day written decision requirement of Section 908(9) of the MPC, the Sunshine Law violation would not have transformed the Board's written decision into nonaction for purposes of Section 908(9) of the MPC:

Judge Rogers considered this problem in Enck v. Anderson, 25 Pa. Commonwealth Ct. 318, 360 A.2d 802 (1976), and observed that '[t]he Sunshine Law declares that "no formal action shall be valid unless such formal action is taken during a public meeting"; it does not

declare that such action so taken is no action at all.' 25 Pa. Commonwealth Ct. at 321, 322, 360 A.2d at 804. The 'deemed approved' rule as set forth [in Section 908(9) of the MPC] is designed we believe to assure applicants of timely decisions on their zoning applications, and zoning boards under this rule can no longer effectively frustrate or prohibit lawful land uses by refusing to act on zoning applications. But, where some action has been taken within 45 days but rendered invalid only because of a board's failure to adhere to the Sunshine Law, the purpose of the 45-day rule is not furthered by granting the application without any consideration as to the validity of the use and thus penalizing the Township and jeopardizing its land use scheme.

*Appeal of Emmanuel Baptist Church, supra,* 26 Pa. Commonwealth Ct. at 437, 364 A.2d at 541-42.

To the degree that the Court of Common Pleas' decisions of *Patwardhan, supra,* and *Allwein, supra,* are in conflict with our holdings in *Appeal of Emmanuel Baptist Church, supra,* and *Enck, supra,* they are of course disapproved.

Next, the appellants say that the Zoning Hearing Board committed an abuse of discretion and an error of law in refusing to grant their application for variance. Appellants rely on *Sheedy v. Zoning Board of Adjustment,* 409 Pa. 655, 187 A.2d 907 (1963), for the proposition that the inaction of Hilltown Township between September and December of 1973, when the appellants built their garage and began to use it, and May 2, 1975, the date of the Township's cease and desist order, presents a proper occasion for the application of the doctrine of variance by estoppel. The holding of *Sheedy,* however, has been confined to its facts by *Hasage v. Philadelphia Zoning Board of Ad-*

*justment*, 415 Pa. 31, 202 A.2d 61 (1964). *See also Dewald v. Board of Adjustment, City of Pittsburgh*, 13 Pa. Commonwealth Ct. 303, 320 A.2d 922 (1974). As stated in *Hasage, supra*:

> Sheedy was a singular situation and presented at least three factors . . . : (1) the multiple-family dwelling, or nonconforming use, had existed for a score of years, in fact, almost from the date of the passage of the zoning ordinance; (2) The city had permitted the illegal use to continue without challenge for twenty-three years despite knowledge of its existence, and pursued a course of conduct that indicated multiple tenancy was not objectionable; (3) It was clearly established that the cost of conversion to a single dwelling would be enormous and prohibitive. It was the combination of all these elements that induced this Court's decision in that case.

415 Pa. at 36, 202 A.2d at 64.

The two factors first mentioned are clearly absent in this case.

The appellants also cite *Heidorn Appeal*, 412 Pa. 570, 195 A.2d 349 (1963), for the proposition that laches may be imputed to a municipality which fails to enforce its ordinances for long periods of time. In *Heidorn, supra*, a township failed for ten years to object to the encroachment of an awning into a required front yard open space. Since the inaction of Hilltown Township in the instant case lasted less than two years, and because a use violation is more serious than a dimensional deviation, *Heidorn, supra*, is not persuasive. *See also Dewald v. Board of Adjustment, City of Pittsburgh, supra.*

The appellants further complain that a number of persons and circumstances caused them mistakenly to believe that their three acres could be used as an auto

body shop. They testified that a Township supervisor told them that their property was zoned for commercial uses and that somehow this should prevent the Township from enforcing its ordinance. The supervisor testified that the information he provided the appellants was advice that they would need a variance to use their property as they desired. The court below made no conclusive resolution of the discrepancy in the testimony, but it did characterize the supervisor's response to the appellants' questions concerning their use of the property as merely equivocal. However, it is clear in the record that if the Township supervisor gave any assurances, he did so during a conversation which occurred after the appellants had purchased the lot, after they had constructed the garage and after they had commenced using it as an auto body shop. The appellants also suggest that asserted representations made by Shackleton and a real estate agent together with the presence on other portions of Shackleton's original 17 acre tract of commercial fishing ponds were misleading and should be the occasion for zoning relief. The answer to these assertions is that the appellants were bound in their own interest to check the zoning status of the property before they purchased it. *Hasage v. Philadelphia Zoning Board of Adjustment, supra.* As for appellants' further advancement in their cause of the zoning permit issued to Shackleton, there are several disabling considerations: first, as we have noted, the application for the permit is not in the record and we do not know what Shackleton applied for, second, the permit itself contains no description of what was thereby authorized, and third, an illegally issued permit confers no rights even on a holder who has made expenditures relying on it. *Appeal of Donofrio,* 31 Pa. Commonwealth Ct. 579, 377 A.2d 1017 (1977).

Order affirmed.

238

ORDER

AND Now, this 2nd day of May, 1978, the order of the Court of Common Pleas of Bucks County herein appealed from is affirmed.