John N. Palm and Thomas Mack, Appellants *v.* Center Township, a Township of the Second Class, and the Center Township Board of Supervisors, and George D. Zamias, Appellees.

Argued May 8, 1980, before Judges Mencer, Craig and MacPhail, sitting as a panel of three.

*Gwilym A. Price, III,* with him *Frank P. Krizner, McCandless & Krizner,* for appellants.

*Leo M. Stephanian,* for appellees.

*Thomas W. King, III, Dillon, McCandless, King & Kemper,* for intervenor, George D. Zamias.

OPINION BY JUDGE CRAIG, June 12, 1980:

This zoning appeal seeks review of a decision of the Court of Common Pleas of Butler County which upheld a zoning amendment, the enactment process of which had been attacked under Section 1003 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11003.

Our conclusion is to affirm the decision of the court below. Because the opinion of President Judge KIES-TER, of the Court of Common Pleas of Butler County, succinctly and soundly sets forth the facts and reasons for the decision, we adopt that opinion in substantial part as follows:

194

"Before the Court is an appeal by John N. Palm et al. from the enactment of an ordinance changing the zoning classification of a tract of land in Center Township from R-2 (2 family residential) to C-1 (commercial). This is a procedural attack on the ordinance. Appellants maintain that the Board of Supervisors failed to comply with legal procedure in adopting the ordinance.

"The proposed ordinance amending the Zoning Code provided for the re-zoning of 126.176 acres, more or less, as per a survey revised August 4, 1977. At a meeting on April 4, 1979, when the ordinance was presented for adoption, the Supervisors reduced the area to be re-zoned from 126.176 to 90 acres, by referring to a line on a map that divided the 90 acres from the 36 acres that would not be re-zoned. A legal description was prepared and set forth in an advertisement of the enactment of the amended ordinance. There has been no controversy over the location of the 90 acres within the original 126 acre tract. It is argued by appellants that the description of the 90 acres had to be by metes and bounds at the time the Supervisors acted to adopt the Ordinance.

"This Court disagrees. If an issue existed over the location of the boundary line a different conclusion might be reached. The survey simply provided a revised legal description for the 90 acres that was rezoned.

"The reduction in the size of the area to be rezoned was not a 'significant' change in the proposed ordinance as originally advertised. The change did not affect other landowners. If it had been a substantial change affecting owners in a different way, the law requires re-advertisement and a further public hearing. If other land had been included in the amendment the law specifically requires another public hearing after public notice. (53 P.S. 10609). The rationale of

such a requirement is clear. Other owners might be affected by such a change and they would be entitled to notice and an opportunity to be heard. In our opinion the Supervisors intended to enact and did enact an ordinance re-zoning 90 acres. The change was not significant in that it alone had no adverse impact on adjoiners. Further, the 90 acres was identified and adequately described in the formal action taken by the Supervisors.

"Appellants apparently believe and would have this Court infer from all the facts that the Supervisors decided in some unknown manner upon their final action prior to the meeting when the 90 acres was rezoned. The facts do not support such a conclusion. To so find the Court would be guessing about the 'thought' processes of each Supervisor.

"The 'Sunshine Act' provides that 'formal actions' of agencies such as a Board of Township Supervisors must be made in public meetings open to the public. It is the duty of a school board member, a commissioner, a councilman, or a supervisor to be informed. Supervisors are not restricted to information furnished at a public meeting. A supervisor has the right to study, investigate, discuss and argue problems and issues prior to the public meeting at which he may vote. Nor is a supervisor restricted to communicating with the people he represents. He is not a judge. He can talk with interested parties as does any legislator.

"In this case the Center Township Planning Commission in its report stated,

'The Center Township Planning Commission does not consider the rezoning from R-2 to C-1 Commercial a detriment to the area, but any change should be controlled by specific requirements regarding traffic control, screening, water supply requirements, and water drainage requirements.'

"In serving the public a capable and dedicated supervisor would not rely on the appearance of representatives of Penndot or the members of an authority at a public meeting. Supervisors, to be informed and to make an intelligent decision, would collect facts and opinions from representatives of these and possibly other agencies in advance of the public meeting. Nor is a supervisor prohibited from listening to and talking with the applicant for a zoning change, whether the applicant be a resident or non-resident, a taxpayer or non-taxpayer. Any person affected by a township ordinance has the right to expect a township supervisor or other official with responsibility in the area to be reasonably cooperative, to listen, and to avoid obstructive tactics. He can advise and make suggestions. If a supervisor recognizes a problem he is free to relate it and discuss it with all interested persons. None of this means a commitment until a decision is made and formal action taken at a public meeting.

"There was no evidence presented of an agreement between the Applicant and the Supervisors that preceded the April 4 meeting. There was no evidence that the Supervisors agreed to a policy or joint action prior to the scheduled meeting. Whether the formal action taken by the Supervisors was good or bad, their involvement in the issue prior to April 4, as presented to the Court, was justified and entirely proper."

With respect to the issue of the revision of the proposed zoning amendment before enactment, the decision is supported, not only by Section 609 of the MPC, 53 P.S. §10609, but also by the principles concerning the amendment of zoning ordinance proposals stated in *Fassman v. Skrocki,* 37 Pa. Commonwealth Ct. 302, 390 A.2d 336 (1978) and *Graack v. Board of Supervisors of Lower Nazareth Township,* 17 Pa. Commonwealth Ct. 112, 330 A.2d 578 (1975). *Penn Wynne v. Township of Lower Merion,* 181 Pa. Superior Ct. 524,

124 A.2d 487 (1956) is not applicable to the legislative process here.

Concerning the issue of the Open Meeting Law ("Sunshine Act"), Act of July 19, 1974, P.L. 486, *as amended*, 65 P.S. §261 et seq., the conclusions below are in accordance with our decisions in *Pae v. Hilltown Township Zoning Hearing Board,* 35 Pa. Commonwealth Ct. 229, 385 A.2d 616 (1978) and *Judge v. Pocius,* 28 Pa. Commonwealth Ct. 139, 367 A.2d 788 (1977).

Affirmed.

## ORDER

AND Now, this 12th day of June, 1980, the order of the Court of Common Pleas of Butler County dated July 17, 1979 is affirmed.