**Citizens for Responsible Development-Windsor Township Inc. v. Windsor Township Zoning Hearing Board**

C.P. of York County, no. 2004-SU-02121-Y08.

*John M. Ogden,* for appellant.

*D. Michael Craley,* for appellee.

*Charles A. Rausch, Stacey R. MacNeal, Wanda L. Snader, Marc B. Kaplin* and *George W. Broseman,* for intervenors.

KENNEDY, *J.,* November 30, 2004—Presently before this court is appellant's appeal from an order of the Windsor Township Zoning Hearing Board dated June 28, 2004. For the reasons set forth below, the appeal is denied.

## PROCEDURAL HISTORY AND FACTS

On January 5, 2004, the Windsor Township Board of Supervisors passed ordinance no. 04-01-02, which

amended the township zoning ordinance. On May 14, 2004, appellant filed a procedural challenge to ordinance no. 04-01-02, alleging various procedural defects in the enactment of the ordinance. A hearing was held before the Windsor Township Zoning Hearing Board on June 15, 2004. The ZHB issued a decision dismissing appellant's procedural challenge as untimely on June 28, 2004. On July 13, 2004, appellant appealed the ZHB's decision to this court.

## DISCUSSION

The standard of review by a trial court of an initial decision of a zoning hearing board is limited to whether the board abused its discretion or committed an error of law and whether its necessary findings are supported by substantial evidence. *Rushford v. Zoning Board of Adjustment of Pittsburgh,* 81 Pa. Commw. 274, 278, 473 A.2d 719, 722 (1984). Further, the trial court must give great weight and deference to the board's determination. *Smith v. Zoning Hearing Board of Huntingdon Borough,* 734 A.2d 55 (Pa. Commw. 1999).

Pursuant to the Pennsylvania Municipalities Planning Code (MPC), the ZHB has exclusive jurisdiction to hear challenges to the validity of any land use ordinance when the challenge raises procedural questions or alleged defects in the process of enactment or adoption of the ordinance. 53 P.S. §10909.1(a)(2). Such challenges must be commenced within 30 days after the intended effective date of the ordinance. 42 Pa.C.S. §5571(c)(5). The timeliness of an appeal relates to the jurisdiction of the board and its competency to act. *Snyder v. Zoning Hearing*

*Board of Warminster Township,* 782 A.2d 1088 (Pa. Commw. 2001). Consequently, the ZHB properly noted that the timeliness of appellant's procedural challenge is a threshold issue that must be determined for jurisdictional purposes.

The intended effective date of ordinance no. 04-01-02 was January 10, 2004. Appellant did not file its procedural challenge to the ordinance until May 14, 2004, 125 days after the intended effective date. As a result, the ZHB determined that it lacked jurisdiction to hear the challenge. We affirm the board's decision.

Appellant argues that the ordinance is void ab initio and that, as a result, the 30-day appeal period does not apply. In making this argument, appellant relies on *Cranberry Park Associates v. Cranberry Township Zoning Hearing Board,* 561 Pa. 456, 751 A.2d 165 (2000); *Valianatos v. Zoning Hearing Board of Richmond Township,* 766 A.2d 903 (Pa. Commw. 2001); and *Schadler v. Zoning Hearing Board of Weisenberg Township,* 578 Pa. 177, 850 A.2d 619 (2004). In each of these cases the court held that procedural defects in the enactment of a local ordinance render the ordinance void ab initio, making the 30-day time limit for procedural challenges inapplicable. The reason being that an ordinance that is void ab initio never has an effective date to begin the 30-day period.

All of the cases cited by appellant in support of its position were decided under pre-amendment section 5571(c)(5), which provided:

"Questions relating to an alleged defect in the process of enactment or adoption of any ordinance, resolution,

map or similar action of a political subdivision shall be raised by appeal commenced within 30 days after the *effective date* of the ordinance, resolution, map or similar action." (emphasis added)

Section 5571(c)(5) now reads as follows:

"Notwithstanding section 909.1(a)(2) of the Act of July 31, 1968 (P.L. 805, no. 247), known as the Pennsylvania Municipalities Planning Code, questions relating to an alleged defect in the process of enactment or adoption of any ordinance shall be raised by appeal or challenge commenced within 30 days after the *intended effective date* of the ordinance. As used in this paragraph, the term 'intended effective date' means the effective date specified in the ordinance or, if no effective date is specified, the date 60 days after the date the ordinance was finally adopted but for the alleged defect in the process of enactment or adoption." 42 Pa.C.S. §5571(c)(5) (rewritten by Act of December 9, 2002, P.L. 1705, no. 215, §3). (emphasis added)

A recent case interpreting amended section 5571(c)(5) is *Taylor v. Harmony Township Board of Commissioners,* 851 A.2d 1020 (Pa. Commw. 2004).[1] *Taylor* involved a procedural challenge to a township ordinance that was commenced 18 months after the ordinance's intended effective date. Taylor argued that the ordinance was void ab initio because the township failed to prop-

---

1. We note that the Supreme Court in *Schadler* specifically declined to address the import of the amendment to section 5571(c)(5) because Schadler's procedural challenge was filed prior to the amendment's effective date.

erly advertise the ordinance prior to its passage, and that, as a result, the 30-day statutory appeal period did not apply to his challenge. In making this argument, Taylor relied on the same cases relied on by the appellant in the instant matter. However, the Commonwealth Court held that Taylor's challenge was time-barred pursuant to section 5571(c)(5). Noting that amended section 5571(c)(5) governed Taylor's challenge, the court concluded:

"Because the 30-day statutory period for challenging alleged defects in the enactment of an ordinance begins on the 'intended' effective date 'but for the alleged defect in the process of enactment or adoption,' section 5571(c)(5) now means that the statutory period for bringing procedural challenges to local ordinances begins to run without regard to alleged procedural defects that potentially would preclude the ordinance from taking effect. Consequently, a determination of whether an ordinance is *actually* void can only come after a timely procedural challenge to the ordinance under amended section 5571(c)(5)." *Taylor* at 1029. (emphasis in original)

In *Glen-Gery Corp. v. Zoning Hearing Board of Dover Township,* 856 A.2d 884 (Pa. Commw. 2004), the Commonwealth Court relied on its holding in *Taylor* to affirm the dismissal of a procedural challenge to a local zoning ordinance as untimely under section 5571(c)(5). The court held that section 5571(c)(5) applies to land use ordinances adopted pursuant to the MPC. It reasoned that not only was the statute adopted later in time than the MPC, but it also unequivocally states that it was in-

tended to apply to land use ordinances enacted under the MPC. *Id.* at 892.

The amendment to section 5571(c)(5) took effect before appellant raised its procedural challenge to ordinance no. 04-02-01. Therefore, amended section 5571(c)(5), along with the Commonwealth Court's decision in *Taylor* and *Glen-Gery,* are controlling in this matter. Accordingly, because appellant's procedural challenge was commenced 125 days after the intended effective date of ordinance no. 04-02-01, it is time-barred pursuant to 42 Pa.C.S. §5571(c)(5).

We must now decide whether to allow appellant to proceed nunc pro tunc. The law is clear that statutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. *Hudson v. PennDOT, Bureau of Driver Licensing,* 830 A.2d 594 (Pa. Commw. 2003). "When a statute fixes the time within which an appeal may be taken, a court may not extend that time period or allow an appeal nunc pro tunc absent a showing that extraordinary circumstances involving fraud or its equivalent, duress, or coercion *caused the delay in filing an appeal.*" *Hanoverian Inc. v. Lehigh County Board of Assessment,* 701 A.2d 288, 289 (Pa. Commw. 1997). (emphasis in original) It is "[a]ppellant's burden to prove that the fraudulent, negligent or wrongful acts of court or administrative officials require that his appeal be deemed timely." *Farrell Appeal,* 69 Pa. Commw. 32, 36, 450 A.2d 266, 268 (1982).

In the instant matter, the record contains no evidence of fraud or bad faith on the part of the township that

prevented a timely appeal from being filed. Essentially, appellant is arguing that the township should have disclosed to the public the fact that the board of supervisors had discussed potential changes to the zoning ordinance with representatives from Wal-Mart beginning in the fall of 2003, and that its failure to do so amounts to a fraud or a breakdown in the administrative process sufficient to excuse the untimely filing of its procedural challenge. We are not persuaded by this argument.

First, appellant's claim that the township's failure to disclose to the public that it was working with representatives from Wal-Mart prevented appellant from learning about the passage of the amendment until Wal-Mart filed its application for a special exception in March of 2004 is without merit. As required by the MPC, a description of the proposed amendment was published in a newspaper of general circulation on December 17, 2003, and again on December 24, 2003. In addition, complete copies of the proposed amendment were made available for public inspection. A hearing on the amendment was held on January 5, 2004. The time and place of the hearing was included in the advertisement published by the township. The published notice was sufficient to place appellant and the public on notice of the proposed amendment. The fact that the township did not provide notice of its discussions with Wal-Mart regarding the proposed amendment did not prevent appellant from participating in the enactment process or from filing a timely procedural challenge.

Second, nothing in the MPC requires a township to notify the public of its discussions with township residents or landowners regarding a possible amendment,

nor is a township required to notify the public of any potential beneficiaries of a proposed amendment. In the instant matter, nothing prohibited the board of supervisors from discussing the need for an amendment to the township zoning ordinance with representatives from Wal-Mart. As the Commonwealth Court has stated:

"The 'Sunshine Act' provides that 'formal actions' of agencies such as a board of township supervisors must be made in public meetings open to the public. It is the duty of a school board member, a commissioner, a councilman, or a supervisor to be informed. *Supervisors are not restricted to information furnished at a public meeting. A supervisor has the right to study, investigate, discuss and argue problems and issues prior to the public meeting at which he may vote. Nor is a supervisor restricted to communicating with the people he represents.* He is not a judge. *He can talk with interested parties as does any legislator.*

"*Nor is a supervisor prohibited from listening to and talking with the applicant for a zoning change,* whether the applicant be a resident or non-resident, a taxpayer or non-taxpayer. Any person affected by a township ordinance has the right to expect a township supervisor or other official with responsibility in the area to be reasonably cooperative, to listen, and to avoid obstructive tactics. He can advise and make suggestions. *If a supervisor recognizes a problem he is free to relate it and discuss it with all interested persons.* None of this means a commitment until a decision is made and formal action taken at a public meeting." *Palm v. Center Township,* 52 Pa. Commw. 192, 195, 196, 415 A.2d 990, 992 (1980). (emphasis added)

Even if the township should have disclosed its discussions with Wal-Mart, we fail to see how its failure to do so prevented appellant from filing a timely procedural challenge to ordinance no. 04-02-01.

Based on the foregoing, we hold that appellant has failed to meet its burden of showing fraudulent, negligent or wrongful acts on the part of the township that prevented it from filing a timely procedural challenge. Accordingly, appellant's request to proceed nunc pro tunc is denied and the decision of the Windsor Township Zoning Hearing Board is affirmed.