IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| The Honorable Katie J. Muth, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 182 M.D. 2021 |
| | : | Argued: December 13, 2021 |
| Public School Employees' Retirement | : | |
| Board, Christopher SantaMaria, in his | : | |
| official capacity as Chairman, | : | |
| Glen R. Grell in his official capacity as | : | |
| Executive Director, and the Public | : | |
| School Employees' Retirement System, | : | |
| | : | |
| Respondents | : | |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                   HONORABLE MICHAEL H. WOJCIK, Judge
                   HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  March 15, 2022


Before the Court are the preliminary objections of the Public School Employees' Retirement System (PSERS), Public School Employees' Retirement Board (Board), Christopher SantaMaria, in his official capacity as Chair of the Board (Chair SantaMaria), and Glen Grell, in his official capacity as Executive Director of PSERS (Executive Director Grell) (collectively, Respondents), to the petition for review in the nature of a complaint for declaratory and injunctive relief (Petition) filed by the Honorable Katie Muth (Senator Muth).  In her capacity as a Board

member, Senator Muth asks this Court to issue an order declaring that she has the right to access and inspect various PSERS documents in order to fulfill her statutory obligation to manage the PSERS pension fund. Respondents filed preliminary objections in the nature of a demurrer to Senator Muth's Petition, averring that the Petition should be dismissed for legal insufficiency pursuant to Pa.R.Civ.P. 1028(4), and also averring that the Petition should be dismissed for mootness, laches, unclean hands, and identification of the wrong parties. On January 19, 2022, Senator Muth filed an application to supplement the record, which we will address with Respondents' preliminary objections. Senator Muth sought to supplement the record with her written attestation in which she attested to the Board's cancellation of its January 18, 2022 meeting at which Board members were scheduled to receive the results of its internal investigation into PSERS' finances, with no firm rescheduled meeting date. Respondents filed their opposition to Senator Muth's application on January 21, 2022. After careful review, we overrule Respondents' preliminary objections and grant Senator Muth's application to supplement the record.

In an October 1, 2021 per curiam Order and Memorandum Opinion (Memorandum Opinion), this Court overruled Senator Muth's preliminary objections to Respondents' preliminary objections, addressed certain procedural issues, and denied Senator Muth's request for attorney's fees. The facts as set forth in the Petition and summarized in our Memorandum Opinion are as follows:

> PSERS is an independent agency of the Commonwealth that administers a 64 billion dollar pension plan for Pennsylvania's retired public school employees. Petition ¶7. PSERS is currently under federal investigation by the Department of Justice (DOJ). *Id.* ¶9. According to public reports, the DOJ's investigation concerns the Board's adoption of inaccurate figures for performance in

2

December 2020, and the Board's acquisition of various real property for investment purposes. *Id.* ¶11.

Senator Muth was appointed the Democratic Senate Appointee to the Board in February 2021. Petition ¶2. Since her appointment, Senator Muth has sought various documents from PSERS that she believes are necessary to fulfill her fiduciary duties as a Board [m]ember. *Id.* ¶19. Specifically, on May 7, 2021, Senator Muth sent a request to Charles Spiller, PSERS Deputy Chief Investment Officer, seeking various internal PSERS memoranda relating to the subject of the DOJ investigation. *Id.* ¶24. Senator Muth sought to review said memoranda in advance of the Board's June 10, 2021 meeting to ensure that the Board's future decisions do not mirror its former ones. *Id.* ¶¶20-22, 67. On May 10, 2021, Senator Muth received a response to her request for documents from PSERS Chief Counsel Jackie Lutz, which stated:

These requests relate to the matters subject to ongoing internal and criminal investigations, and as such, any response could impede and interfere with those investigations. I have consulted with counsel for the Board, PSERS, and the internal investigation and we are therefore unable to respond to these requests.

*Id.* ¶25, Ex. A at 5 (pagination added). This denial prompted Senator Muth to file the petition for review in this Court seeking an order declaring that she is entitled to review the documents requested in her May 7, 2021 email, and enjoining PSERS and the Board from withholding similar documents in the future.

Memorandum Opinion, slip op. at 2-3.

Senator Muth sought, and Respondents denied access to, specific information, described as follows: "documentation related to memos from December 6, 2017; December 5, 2018; and October 10, 2019. These memos were provided to the Board before Senator Muth's time as a PSERS Board member and are regarding property listed as 812 Market Street and 812 Market, Inc." Petition,

3

Ex. A at 6-7. Senator Muth requested specific information referenced in each memorandum. For example, the December 6, 2017 memorandum requested $5 million to purchase, remediate, demolish, and prepare the property for redevelopment, and Senator Muth sought "copies of any cost assessments, details on the demolition contractor (including [request for proposals] RFP documentation if applicable), environmental assessments and evaluations (including quotes, if applicable), overall demolition costs, and site development costs." *Id.* at 6. The December 5, 2019 [sic] memorandum requested $2 million for 812 Market Street for master planning and site development, and Senator Muth sought copies of "cost assessments, details on the demolition contractor (including RFP documentation, if applicable), environmental assessments and evaluations (including quotes, if applicable), overall demolition costs, and site development costs." *Id.* at 7. The October 10, 2019 memorandum requested $5 million for additional work on the property, and Senator Muth sought "any and all documents related to all of the above mentioned activities including reports, memos, and RFP documents." *Id.*

When Respondents denied Senator Muth's requests because they "relate to the matters subject to ongoing internal and criminal investigations, and as such, any response could impede and interfere with those investigations," Senator Muth sought declaratory[1] and injunctive relief[2] from this Court regarding these

---

[1] Regarding Senator Muth's request for declaratory relief, courts shall have the power to "declare rights, status, and other legal obligations" under Section 7532 of the Declaratory Judgments Act (DJA), 42 Pa. C.S. §§7531-7541. "[The DJA's] purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered." Section 7541(a) of the DJA, 42 Pa. C.S. §7541(a); *Bayada Nurses, Inc. v. Department of Labor and Industry*, 8 A.3d 866, 874 (Pa. 2010).

[2] Regarding Senator Muth's request for injunctive relief, to prevail on a claim for a permanent injunction, a plaintiff must establish a clear right to relief, that there is an urgent **(Footnote continued on next page…)**

4

records. Respondents filed preliminary objections in the nature of a demurrer and on other grounds to Senator Muth's petition, which we will address in turn.[3]

In their first preliminary objection (PO 1), Respondents argue that Senator Muth's petition should be dismissed because she lacks the authority to conduct her own personal investigation, which is within the exclusive investigative province of the Audit/Compliance Committee of the Board. Respondents argue that because the Board voted to delegate to the Audit/Compliance Committee the "authority to oversee an investigation of the circumstances surrounding a possible error in the reporting of investment performance results used by the Board in its December 3, 2020 certification of contribution rates," which was later expanded to include "facts and circumstances surrounding the purchase and valuation of" various Harrisburg properties by PSERS, including the 812 Market Street property, she cannot conduct her own investigation into these matters that have been delegated to the Audit/Compliance Committee. Preliminary Objections, Ex. D at 4-5, 19.

---

necessity to avoid an injury which cannot be compensated for by damages, and that greater injury will result from refusing rather than granting the relief requested. However, unlike a claim for a preliminary injunction, the plaintiff need not establish either irreparable harm or immediate relief. *Big Bass Lake Community Association v. Warren*, 950 A.2d 1137, 1144 (Pa. Cmwlth. 2008) (internal citations omitted).

[3] Pa.R.Civ.P. 1028(a)(4) permits preliminary objections to be filed for "legal insufficiency of a pleading (demurrer)." When ruling on preliminary objections, this Court shall sustain such objections, and dismiss a petition for review, only in cases that are clear and free from doubt that the law will not permit recovery. In ruling on a preliminary objection in the nature of a demurrer, this Court must accept as true all well-pleaded allegations in the petition for review and all inferences reasonably deduced therefrom. We need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. A demurrer will not be sustained unless the face of the petition for review shows that the law will not permit recovery, and any doubts should be resolved against sustaining the demurrer. *Stone and Edwards Insurance Agency, Inc. v. Department of Insurance*, 616 A.2d 1060, 1063 (Pa. Cmwlth. 1992) (citations omitted).

In their second preliminary objection (PO 2), Respondents argue that a public pension trustee is not entitled to unfettered access to information, relying on *Stapleton v. Public Employees Retirement Association*, 412 P.3d 572 (Colo. App. 2013). Although Respondents acknowledge that Pennsylvania courts have not addressed this issue, and that decisions of the Colorado courts are not binding on this Court,[4] they argue that *Stapleton's* rationale should be viewed as persuasive. Further, Respondents rely on *Chappel v. Applied Control Systems, Inc.*, 39 Pa. D. & C. 4th 168 (1998), for the proposition that corporate directors are not entitled to unfettered access to information.[5] Respondents further argue that a corporate director is entitled to inspect and request corporate records and information only "to the extent reasonably related to the performance of the duties of the director," pursuant to Section 1512(a) of the Associations Code, 15 Pa. C.S. §1512(a).[6]

Respondents further argue that a corporation may deny a director's request for records or information if the information "is not reasonably related to the performance of the duties of the director," or if the director "is likely to use the information in a manner that would violate the duty of the director to the corporation." Sections 1512(b) and 5512(b) of the Associations Code, 15 Pa. C.S. §§1512(b) and 5512(b). Respondents argue that the records sought are not reasonably related to Senator Muth's duties as a director because she has no duty to

---

[4] "While 'decisions of our sister states are certainly not binding on this Court, it is important in construing a uniform act to recognize how those states have interpreted similar provisions.'" *Domus, Inc. v. Signature Building Systems of PA, LLC*, 252 A.3d 628, 637 (Pa. 2021) (quoting *Koken v. Reliance Insurance Company*, 893 A.2d 70, 83 (Pa. 2006)).

[5] "Although not binding on this Court, decisions by courts of common pleas may be persuasive." *In re Welch*, 218 A.3d 976, 980 n.5 (Pa. Cmwlth. 2019).

[6] The same language appears in Section 5512(a) of the Associations Code, 15 Pa. C.S. §5512(a), governing non-profit corporations.

6

investigate matters already being investigated by the Audit/Compliance Committee, and that there is no current or future Board business that necessitates Senator Muth's access to historical records that predate her time on the Board. Respondents also argue that Senator Muth is likely to use the information in a manner that would violate her duties as a director, based on her stated goal to "review prior decision-making processes," and in a tweet from Senator Muth stating that she has been "continuously denied access to vital information related to the ongoing federal investigation into improper investment decisions using taxpayer and teacher money." Petition ¶20; Preliminary Objections, Ex. A at 1.

In their fifth preliminary objection (PO 5), Respondents argue that Senator Muth is not entitled to preliminary injunctive relief because she cannot establish that she will suffer immediate and irreparable harm from being denied access to the information. Respondents also argue that Senator Muth's request for injunctive relief must fail because she has not established a clear right to relief, based on the Associations Code under *Stapleton*, and *Chappel*.

In general, Senator Muth argues that her informational rights as a Board member are based on three legal foundations: Pennsylvania common law including our Supreme Court's decision in *Wilson v. Board of Directors of City Trusts*, 188 A. 588 (Pa. 1936); the fiduciary duties mandated by the Public School Employees' Retirement Code, 24 Pa. C.S. §§8101-8538 (Retirement Code); and a director's access to corporate records outlined in the Associations Code. In *Wilson*, our Supreme Court held that a member of the board of city trusts, in that case Philadelphia Mayor Wilson, had the right to inspect and examine financial documents, so that he would be able to exercise his duty as a trustee to preserve trust property. "The law is clear that a trustee may compel his cotrustee to permit an

7

examination, inspection, and audit of the records of the trust estate and all matters in connection therewith that he may perform the duties with which he is [e]ntrusted and for whose exercise he is responsible." *Wilson*, 188 A. at 594. The Court further stated that "[t]o withhold the means of knowledge concerning that property is to withhold the power to exercise the duty of preservation." *Id.* Senator Muth argues that like the trustee in *Wilson*, she also must be permitted access to Board records, so that she can properly perform her duties as trustee for PSERS funds. Senator Muth further responds that this Court's decision in *Palm v. Center Township*, 415 A.2d 990 (Pa. Cmwlth. 1980), is controlling. In *Palm*, our Court held that a township supervisor is "not restricted to information furnished at a public meeting," but has the right to study and investigate issues prior to meetings at which she may vote, and to collect facts and opinions from others. *Id.* at 195-96.

As to the Retirement Code, Senator Muth argues that her fiduciary duties as a trustee of PSERS funds require due diligence so that she can exercise "exclusive control and management of the [PSERS] fund and full power to invest the same." Section 8521(a) of the Retirement Code, 24 Pa. C.S. §8521(a). Section 8521(a) of the Retirement Code further gives trustees the power to "hold, purchase, sell, lend, assign, transfer, or dispose of any of the securities and investments" held by PSERS, which Senator Muth argues is the reason she requested information on the 812 Market Street property.

Finally, Senator Muth argues that the Board "shall possess the power and privileges of a corporation" under Section 8501(e) of the Retirement Code, 24 Pa. C.S. §8501(e), and the plain language of Section 1512(a) of the Associations Code entitles her "to inspect and copy corporate books, records and documents and, in addition, to inspect and receive information regarding the assets, liabilities and

8

operations of the corporation." Senator Muth also argues that Respondents have failed to establish that the information requested is not reasonably related to her duties as a director, or that she is "likely to use the information in a manner that would violate the duty of the director to the corporation." Section 1512(b) of the Associations Code.[7] Senator Muth further argues that she is entitled to the information so that she can exercise her fiduciary duty to PSERS as a prudent investor, "by considering the purposes, terms and other circumstances of trust" as required in the prudent investor rule. Section 7203(a) of the Probate, Estates and Fiduciaries Code, 20 Pa. C.S. §7203(a).

Regarding PO 1, Senator Muth responds that review of the Board resolutions and bylaws[8] reveals that the Board did not delegate exclusive authority to the Audit/Compliance Committee to oversee investigations of investment results or PSERS property holdings. Senator Muth notes that the word "exclusive" does not appear in the resolutions or bylaws. Senator Muth argues that neither the bylaws nor the Board resolutions can delegate away her authority to receive information reasonably related to her performance as a director, which requires her to take reasonable steps to prevent mismanagement of PSERS funds. Further, Senator Muth contends that she is not seeking to conduct an independent investigation into these matters, but is seeking financial and background information on the 812 Market Street property that was already provided to other Board members.

---

[7] The same statutory provisions apply to non-profit corporations under Section 5512(b) of the Associations Code.

[8] The relevant Board resolutions are attached as Exhibit D to Respondents' Preliminary Objections. The Board bylaws are attached as Exhibit C to Respondents' Preliminary Objections. This Court held that it was not fatal to Respondents' demurrer to attach these documents to their Preliminary Objections, as they do not advance a new set of "facts," but are private laws of the Board of which this Court may take judicial notice. Memorandum Opinion at 6-7.

9

Regarding PO 2, Senator Muth responds that she is not seeking unfettered access to information, but that she is seeking specific information on the costs and expenditures for potential development of the 812 Market Street property, as evidenced in her email. Senator Muth argues that neither *Stapleton* nor *Chappel* are binding on this Court, and that neither case is entitled to persuasive value because they are distinguishable. Senator Muth claims that *Stapleton* is distinguishable because the court determined that the trustee sought unfettered access to personal information about retirees that was "inconsistent with the express statutory terms of the PERA [(Public Employees Retirement Association)] trust." *Stapleton*, 412 P.3d at 578. Here, Senator Muth contends that she has not sought unfettered access to PSERS records, has not sought any personal information about retirees, and that the records she seeks regarding the 812 Market Street property are directly related to her duties as a PSERS trustee. Senator Muth argues that *Chappel* is also distinguishable because it addressed a corporate board member who sought records with the purpose of using the information to aid in a competing business, which is not applicable here. The trial court in that case held that the director would not be denied the opportunity to inspect corporate records on the basis of allegations in the pleadings until the court could hold further hearings where evidence of improper motives could be presented. *Chappel*, 39 Pa. D. & C. 4th at 189.

Regarding PO 5, Senator Muth responds that she has met the standards for both preliminary and permanent injunctive relief. She argues that she is seeking the opportunity to review or inspect due diligence records relating to the 812 Market Street property, which is not special relief but the same access to information that other Board members have already received. Senator Muth asserts that Pennsylvania common law, including *Wilson*, provides a clear right to relief. Further, Senator

10

Muth claims that she will suffer immediate harm not compensable by damages if she is denied information needed to perform her duties as a Board member.

In their third preliminary objection (PO 3), Respondents argue that the Petition should be dismissed for mootness because Senator Muth asked for records "*prior* to the Board's upcoming vote on June 10, 2021." Petition ¶67 (emphasis in original.) Because the June 10, 2021 board meeting has already occurred, Respondents argue that no actual case or controversy exists, and the Petition should be dismissed as moot, citing *Driscoll v. Zoning Board of Adjustment of the City of Philadelphia*, 201 A.3d 265, 268 (Pa. Cmwlth. 2018). Relatedly, in Respondents' opposition to Senator Muth's application to supplement the record, Respondents argue that the Board cancelled its January 18, 2022 meeting due to impending bad weather, not to frustrate Senator Muth's requests for information.

In their fourth preliminary objection (PO 4), Respondents argue that the Petition should be dismissed based on laches. Respondents argue that Senator Muth failed to act with due diligence when she began asking for information in February 2021, but did not file the Petition until June 8, 2021, only 36 hours before the June 10, 2021 meeting, citing *Fulton v. Fulton*, 106 A.3d 127, 131 (Pa. Super. 2014).

In their sixth preliminary objection (PO 6), Respondents argue that the Petition should be dismissed based on the doctrine of unclean hands, under which a court may deny equitable relief when the person seeking relief has acted improperly, in violation of applicable duties, with respect to the matter at issue, citing *Barcia v. Fenlon*, 37 A.3d 1, 6-7 (Pa. Cmwlth. 2012). Respondents argue that because Senator Muth attached emails between herself and PSERS staff and counsel to her Petition, she breached her duty of confidentiality to PSERS found in the Board's ethics policy. Petition, Ex. A; Preliminary Objections, Ex. B at 10.

11

Regarding PO 3, Senator Muth responds that although the June 10, 2021 meeting has occurred, the controversy at the heart of the lawsuit remains active because the Board meets routinely to manage and control the PSERS fund and her duties to manage it are ongoing. Senator Muth also argues that a case is not moot where the conduct is capable of repetition yet likely to evade review, or where the case involves important issues of public interest, or where a party will suffer some detriment without court intervention, citing *Department of Environmental Protection v. Cromwell Township, Huntingdon County*, 32 A.3d 639, 652 (Pa. 2011). Senator Muth claims that this lawsuit seeks to remedy the Board's repeated and ongoing failures to provide due diligence materials prior to meetings, and the fact that Respondents have continued to withhold requested records before and after the Petition was filed demonstrates the ongoing nature of the dispute. Relatedly, Senator Muth argues that she should be permitted to supplement the record with her attestation that the Board cancelled its January 18, 2022 meeting without rescheduling, and that the Board continues to deny her access to the records she requested.

Regarding PO 4, Senator Muth responds that Respondents failed to demonstrate that they were prejudiced by any alleged delay on her part as required by *Fulton*, 106 A.3d at 131. Senator Muth further argues that Respondents cannot show that the four-month delay between her first request and the filing of her petition was a delay "arising from [the] petitioner's failure to exercise due diligence." *Id.* Further, Senator Muth distinguishes the holding in *Fulton*, where the litigant could not prevail when a nine-year delay had passed, with the situation here, where only four months had passed. *Id.*

12

Regarding PO 6, Senator Muth responds that attaching emails to her Petition does not violate the Board's ethics policy and her duty of confidentiality, because the emails demonstrate that she requested confidential documents and was refused. Senator Muth also argues that the emails did not seek legal advice, and, thus, they were not confidential or privileged. Senator Muth further claims that her conduct was not fraudulent, deceitful, or unfair, which is required for the doctrine of unclean hands, citing *Morgan v. Morgan*, 193 A.3d 999, 1005 (Pa. Super. 2018).

In their seventh preliminary objection (PO 7), Respondents argue that the Board, Executive Director Grell, and Chair SantaMaria should be dismissed from this suit because they are not the parties responsible for the production of the documents. Respondents argue that the corporation, in this case PSERS, is responsible for producing documents, citing *Stapleton* and Section 1512(b) of the Associations Code, which provides that a court may "order the corporation to permit inspection or obtain the information."

Regarding PO 7, Senator Muth responds that because Executive Director Grell has direct control over PSERS records, that he withheld records, and directed others to do so, he is a proper party. Senator Muth further argues that because Chair SantaMaria also acted to keep the requested records from her he is also a proper party. In support, Senator Muth cites *City of Pittsburgh v. Commonwealth*, 535 A.2d 680 (Pa. Cmwlth. 1987), *aff'd*, 559 A.2d 513 (Pa. 1989). Senator Muth did not directly address the Board's status.

Finally, Pennsylvania Treasurer Stacy Garrity and former Treasurer Joseph Torsella, who are both current Board members, join in the *amici curiae* brief filed with this Court to separate themselves from Respondents' brief that was filed on behalf of the Board. *Amici* argue that the legal positions advanced by

13

Respondents on behalf of the Board are directly adverse to their interests as Board members. *Amici* claim that based on common law, the Retirement Code, and the Associations Code, as argued by Senator Muth, they should be able to inspect and receive information they need to perform their duties to manage PSERS funds for the benefit of its members. *Amici* point to several cases, attached to their brief, which hold that a "minority" group of trustees is entitled to review source materials relied upon by an internal committee investigation so that the minority group may perform its fiduciary duties.[9] Respondents urge the Court to disregard *amici's* arguments because they merely repeat Senator Muth's arguments, and the cases that they cite are not controlling.

At the preliminary objection stage, we must accept as true all well-pleaded allegations in the complaint and all inferences reasonably deduced therefrom. *Stone and Edwards Insurance Agency, Inc.*, 616 A.2d at 1063. Regarding PO 1, Senator Muth has pleaded that she requested the records so that she could "review prior decision-making processes related to the same investment funds to ensure that the current decisions do not mirror the former ones." Petition ¶20. Senator Muth is not seeking the records to perform a personal or independent investigation. Respondents' inclusion of Senator Muth's tweet is misplaced and should not be considered because it is not a proper part of the pleadings. Therefore, we overrule Respondents' PO 1.

Regarding PO 2, Respondents' reliance on *Stapleton* and *Chappel* is misplaced because neither decision is binding on this Court, and both cases have

---

[9] *See, e.g.*, *In re Application by Nonprofit Corporation Trustees to Compel Inspection of Corporate Information*, 157 A.3d 994 (Pa. Cmwlth. 2017) (Freeh investigation); *In re Application by Nonprofit Corporation Manager to Compel Inspection of Corporate Information*, (No. 712 of Year 1963, filed September 28, 2021) (Milton Hershey School).

14

limited persuasive value as they are distinguishable on their facts. Senator Muth has not requested personal information about retirees, nor is she likely to use the information to aid competitors. The records Senator Muth requested relate to the 812 Market Street property, which is a current PSERS asset, subject to ongoing decision making by the Board, and, thus, are "reasonably related" to her duties as a Board member. Section 1512(a) of the Associations Code. As a Board member and trustee of PSERS funds, Senator Muth has a fiduciary obligation to PSERS beneficiaries to exercise due diligence to manage and control PSERS funds under Section 8521(a) of the Retirement Code. She is entitled to review information about the 812 Market Street property that was already provided to other Board members, so that she can perform her duties. Therefore, we overrule Respondents' PO 2.

Regarding PO 5, we overrule Respondents' objection based on the contention that Senator Muth is not entitled to injunctive relief. Senator Muth has demonstrated a clear right to relief for the reasons already discussed. Further, Senator Muth has demonstrated that she will suffer immediate harm if she is denied the information, which she needs to perform her ongoing duties as a Board member.

Regarding PO 3, we also overrule Respondents' objection based on the assertion that the case should be dismissed for mootness. Although Senator Muth sought expedited access to records before the June 10, 2021 meeting, which has already occurred, the controversy remains live because the records sought relate to current PSERS assets that the Board must manage on an ongoing basis. Further, we grant Senator Muth's application to supplement the record, which demonstrates that because Senator Muth has still not received the requested records, this remains an active case.

15

Regarding PO 4, we also overrule Respondents' objection based on the claim that the case should be dismissed for laches. Respondents did not demonstrate that the four-month delay between Senator Muth's first request and the filing of the Petition resulted in prejudice to them. Further, Respondents did not demonstrate that the delay arose from Senator Muth's failure to exercise due diligence when Senator Muth outlined her numerous requests for information and attempts to resolve the issue before filing the Petition. Further, the case cited by Respondents, *Fulton*, 106 A.3d at 131, is distinguishable because that case involved a nine-year delay, and here, the alleged delay was only four months.

Regarding PO 6, we also overrule Respondent's objection based on the contention that the Petition should be dismissed because of Senator Muth's unclean hands. Senator Muth's attachment of emails between herself and PSERS did not violate the Board's Ethics Policy preventing disclosure of confidential information. Senator Muth attached the emails to demonstrate that she asked for and was denied access to records. She was not seeking legal advice, and thus, the emails are not confidential or privileged. Further, Respondents did not demonstrate that Senator Muth's conduct was fraudulent or so outrageous as to shock the conscience of this Court, which is required for a showing of unclean hands. *Morgan*, 193 A.3d at 1005.

Regarding PO 7, Respondents' reliance on Section 1512(b) of the Associations Code to dismiss Executive Director Grell, Chair SantaMaria, and the Board from the case is misplaced. All three parties played, and continue to play, a direct role in prohibiting Senator Muth's access to requested records. Therefore, we overrule Respondents' PO 7.

Finally, the Court allows *amici* to participate, as their interests are distinct from, and potentially adverse to, the interests of the Board as a whole.

16

Based on the foregoing, Respondents' Preliminary Objections are overruled, and Respondents are directed to file an Answer to Senator Muth's Petition within 30 days of the date of the attached Order.

_____
MICHAEL H. WOJCIK, Judge

President Judge Cohn Jubelirer did not participate in the decision of this case.
Judge Wallace did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| The Honorable Katie J. Muth, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 182 M.D. 2021 |
| | : | |
| Public School Employees' Retirement | : | |
| Board, Christopher SantaMaria, in his | : | |
| official capacity as Chairman, | : | |
| Glen R. Grell in his official capacity as | : | |
| Executive Director, and the Public | : | |
| School Employees' Retirement System, | : | |
| | : | |
| Respondents | : | |

# **O R D E R**

AND NOW, this 15<u>th</u> day of <u>March</u>, 2022, the preliminary objections filed by Respondents in this matter are OVERRULED. Respondents are directed to file an Answer to the Petition for Review (in the nature of a complaint for declaratory and injunctive relief) filed by Petitioner within 30 days of this Order. Petitioner's Application to Supplement the Record is GRANTED.

_____
MICHAEL H. WOJCIK, Judge