| 29 | 301 |
|----|-----|
| 53 | 546 |

</div>

THE STATE *ex rel.* W. C. WILSON, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, February 14, 1883.

1. CORPORATION — INSPECTION OF BOOKS BY STOCKHOLDER — IMPERTINENT DEFENCE.—In a proceeding by *mandamus* to compel a corporation to permit an inspection of its books by a stockholder, an offer in the answer to purchase the stock of the relator is impertinent, and has no relevancy to the rights or duties of the parties.

2. ——— RIGHT OF STOCKHOLDER—MOTIVE FOR ASSERTING.—When a suitor demands a right given to him by law, his motive for so doing is not a proper subject of judicial investigation.

3. ——— BY-LAW CLOSING BOOKS.—A corporation by-law, providing for a closing of the transfer-books thirty days before an election, is not to be understood as closing them against inspection by a person duly authorized thereto, but only as limiting the time for transfers of stock. A contrary interpretation would make the by-law invalid.

4. ——— INCONVENIENCE OF INSPECTION.—A shareholder's right to inspect the books must not be exercised to the extent of an unreasonable appropriation of the books, and a detriment to the interests of the corporation, and to the rights of other shareholders. But the right is clear within proper limits, and the corporation cannot deny it upon the mere plea that it would be inconvenient to grant it.

5. FORMER PROCEEDING—RES JUDICATA.—A former *mandamus* proceeding by the same relator against defendants other than the present, constitutes no bar in this case.

6. PRACTICE—REMEDY.—*Mandamus* is the proper remedy for a shareholder who is denied his right to inspect the books of the corporation.

APPEAL from the St. Louis Circuit Court, HON. JAMES A. SEDDON, Judge.

*Affirmed.* ·

JOHN O'DAY and E. D. KENNA, for the appellant: A writ of *mandamus* will not issue merely to permit a stockholder to gratify an idle curiosity in the examination of corporate records, but the stockholder must allege and prove that he has some specific interest at stake rendering the inspection necessary, or some beneficial purpose for which the examination is desired. High on Ex. Rem., sec. 310, p. 240 ; *People v. Walker*, 9 Mich. 329 ; *Hatch v. City*, 1 Rob. (La.) 470 ; *King v. Merchant Tailors' Co.*, 2 Barn. & Ald. 115 ; *People v. Ben. Ass'n*, 98 Ill. 635 ; *State ex rel. v. Flad*, 26 Mo. App. 500 ; *State ex rel. v. Mfg. Co.*, 21 Mo. App. 526. The court erred in refusing to quash the service of the writ upon O'Day and in granting a peremptory writ of *mandamus*. The writ must be served upon the officer of the corporation who has power and whose duty it is to execute it, and against whom an attachment to enforce obedience may issue. High on Ex. Rem., sec. 442 ; Tapping on Mand., 315 ; *Mayor v. Lord*, 9 Wall. 409 ; *People v. Common Council*, 3 Keyes, 81 ; Com. Dig. "Mandamus ;" Tapping on Mandamus, 341 ; *Queen v. Ledgard*, 1 Q. B. 616 ; Dillon on Mun. Corp., secs. 701–704 ; *People v. Hayt*, 66 N. Y. 606. A peremptory writ will not issue where it will be fruitless. *Commonwealth ex rel. v. Supervisors*, 29 Pa. St. 121 ; Moses on Mandamus, 200. If there is any other specific or adequate remedy at law *mandamus* will not lie ; it only lies to prevent an irreparable injury, or one which cannot be

redressed at law.   Moses on Mandamus, 177; *State ex rel. v. Rombauer*, 46 Mo. 155.

F. H. BACON, for the respondent:   The relator's proper remedy in this matter was an action of *mandamus*, and the alternative writ, which is the declaration as well as the writ (*Hambleton v. Dexter*, 89 Mo. 188), makes out a sufficient cause of action.   *People v. Throop*, 12 Wend. 183; *People v. Pacific Mail*, 50 Barb. 280; *People v. Railroad*, 18 N. Y. 1; High on Extra. Leg. Rem., sec. 308; *Cotheal v. Brouwer*, 5 N. Y. 562; *Brouwer v. Cotheal*, 10 Barb. 216; *Cockburn v. Bank*, 13 La. Ann. 290.   The law and the right are imperative upon the court.   *Moody v. Fleming*, 4 Ga. 117; *People v. Waters*, 22 How. Pr. (N. Y.) 291.   The English cases show that the courts of that country uniformly enforce by *mandamus* the right of a stockholder to inspect the corporate books.   Angell & Ames on Corp., sec. 707.   *Mandamus* will properly lie where the relator has a specific right and the law has provided no other specific remedy. *State v. McAuliffe*, 48 Mo. 113; *Dunklin v. District Court*, 23 Mo. 449; *State v. County Court*, 41 Mo. 225; *Commonwealth v. Pittsburg*, 34 Pa. St. 496.   "Where a statute imposes a specific duty, either in express terms or by a fair and reasonable implication, and there is no other specific and adequate remedy, a *mandamus* may be awarded to compel performance of the duty."   *People v. Ins. Co.*, 19 Mich. 392; *People v. Mayor*, 10 Wend. 395; *King v. Railroad*, 2 B. & A. 646; *Ottawa v. The People*, 48 Ill. 239.   And *mandamus* will lie although the relator may have his action for damages. *State v. Ryan*, 2 Mo. App. 303; *Cockburn v. Bank*, 13 La. Ann. 291; *People v. Taylor*, 30 How. Pr. 78; *State v. Railroad*, 2 Cent. Rep. (N. J.) 726; *People v. Taylor*, 1 Abb. Pr. (N. S.) 200; 30 How. Pr. 78; *Buck v. City of Lockport*, 6 Lans. (N. Y.) 251.   It was not necessary that there should have been a positive refusal of the company to exhibit the books; it was enough if there was an unreasonable delay and a manifest intention not

to comply with the law. *Cleveland v. Board of Finance,*
38 N. J. Law, 259 ; *Commonwealth v. Pittsburg,* 34 Pa.
St. 496 ; *Regina v. Kendall,* 1 Ad. & El. (N. S.) 386 ;
*Townsend v. McIver,* 2 S. C. 44.   The award of the writ
is an exercise of judicial discretion which cannot be re-
viewed on appeal.   *Griffin v. Veil,* 56 Mo. 310 ; *Eider-
miller v. Kump,* 61 Mo. 340 ; *Moody v. Fleming,* 4 Ga.
115 ; *Hanel v. Freund,* 17 Mo. App. 618.   There is noth-
ing prerogative about the writ of *mandamus,* it is simply
an action at law in cases where it is the appropriate
remedy.   *Kentucky v. Denison,* 24 How. 66 ; *People v.
Lewis,* 28 How. Pr. (N. Y.) 159, 470.   The proceeding
was properly brought against the company itself.   High
Ext. Leg. Rem., secs. 315 to 322*a,* inclusive ; sec. 517*a.*
The statute requires the " corporation " to keep the
books in question open at all times for the inspection of
stockholders during business hours, for thirty days prior
to an election of directors. *Russell v. Columbia,* 74 Mo.
490 ; 2 Dill. Mun. Corp., sec. 1027.   The service of the
alternative writ was properly made. *People v. Pearson,*
4 Ill. 274 ; *State v. Jones,* 1 Ired. 129.   In this case the
defendant appeared and pleaded to the merits, thereby
waiving his motion to quash the service and all objec-
tions as to the service.   *People v. Pearson,* 4 Ill. 274 ;
*State v. Jones,* 1 Ired. 129 ; *Dunklin Co. v. Clark,* 51
Mo. 60 ; *Highley v. Noell,* 51 Mo. 145 ; *Ware v. Johnson,*
55 Mo. 500 ; *Fuller v. Trustees,* 6 Conn. 544 ; *Edwards
v. United States,* 103 U. S. 471 ; *McBane v. People,* 50
Ill. 503 ; *Rex v. Mayor of New York,* 5 T. R. 74.   The
sheriff's return was conclusive evidence of the facts
therein recited, and could not be impeached, as was
sought to be done by the company, or O'Day in his
motion to quash.   *Heath v. Railroad,* 83 Mo. 617 ;
*Decker v. Armstrong,* 87 Mo. 316 ; *Sams v. Armstrong,*
8 Mo. App. 573 ; *Phillips v. Evans,* 64 Mo. 17 ; *Ripp-
stein v. St. Louis,* 57 Mo. 86 ; *State v. Sappington,* 68
Mo. 454.   It was immaterial for what purpose the relator
wished to examine the books, for the statute gave him
the unqualified right. *People v. Throop,* 12 Wend. 185 ;

*Cotheal v. Brouwer*, 5 N. Y. 566 ; *Brouwer v. Cotheal*, 10 Barb. 216 ; *Moody v. Fleming*, 4 Ga. 115. The stockholder if he wishes may take copies of the books. *Cotheal v. Brouwer*, 5 N. Y. 562 ; *Brouwer v. Cotheal*, 10 Barb. 216 ; *People v. Throop*, 12 Wend. 183 ; *People v. Pacific Mail*, 50 Barb. 280. The offer to purchase relator's stock was a piece of impertinence. The law gives no railway corporation the right of eminent domain over the stock of its stockholders. *State v. McAuliffe*, 48 Mo. 113 ; *People v. Ins. Co.*, 19 Mich. 392 ; *Cockburn v. Bank*, 13 La. Ann. 291 ; *State v. Railroad*, 2 Cent. Rep. (N. J.)726 ; *Silverthorne v. Railroad*, 33 N. J. L. 377.

THOMPSON, J., delivered the opinion of the court.

This was a proceeding by *mandamus* brought by a stockholder of the defendant corporation, to compel the defendant to allow the relator to inspect the books of the corporation which contain the registers and transfers of its stock and the names of its stockholders. The alternative writ was served by the sheriff upon John O'Day, the second vice-president of the defendant corporation.

I.   A motion to quash the service of the writ was filed by the respondent, setting up that Mr. O'Day was not its chief executive officer ; had no power to control its stock-books or to perform the acts required by the writ ; and also that the president and chief executive officer of the defendant was present in the city of St. Louis at the time of the service of the alternative writ. This motion was overruled. As the bill of exceptions does not show that any evidence was tendered in support of its allegations before it was heard and overruled, we need not concern ourselves with the question whether it was well taken.

II.   The answer is a very singular pleading. It is, first, in the nature of a plea in abatement, grounded on the impropriety of the service of the alternative writ upon Mr.

O'Day, and upon his alleged want of authority to perform the act sought to be compelled. This branch of it need not be further considered for the reason already stated. It is, in the next paragraph, an answer by Mr. O'Day in person. This may be disregarded, because Mr. O'Day is not the respondent in the action. The remaining paragraphs are by the respondent in the trial court.

III. The first is a charge that the relator owns, if any, but ten shares of the stock of the defendant, not exceeding the value of three hundred and seventy-five dollars, which stock was acquired by relator years since for a much less sum ; and that, in order that no injustice may be done the relator, the respondent offers to purchase the same, for said sum or such greater sum as the court may order. The fact of this offer having been made in the answer is gravely renewed in the defendant's printed argument in this court. The relator has justly characterized it as impertinent. The relator is not bound either to forfeit his legal rights or to sell his shares to the corporation at their market value. The courts of justice are not going to assist corporations thus to exercise the right of eminent domain over the shares of their own stockholders, to enable such corporations to avoid doing to their stockholders the simple justice which the statute enjoins.

IV. The next paragraph of the answer, which runs in the name of the respondent in the court below, and not in the name of Mr. O'Day, avers in substance that the defendant had freely allowed the relator to inspect its books, and denies the allegation of the alternative writ, that the relator had demanded of the defendant such an inspection. As all the allegations of the answer were traversed, it may be said, touching this allegation, that there was substantial evidence tending to show that, prior to the issuing of the alternative writ, such a demand had been made on the proper officer, and refused.

V. After thus alleging that the relator had never demanded this privilege, the defendant in the next

paragraph proceeds to show why it should not be granted. The charge in substance is, that the purpose of the relator is not *bona fide* and consistent with justice, but that it is to gain information which will enable him and other evil-disposed persons conspiring with him to institute unfounded suits against *bona-fide* stockholders, and thereby annoy and harass them. In support of this allegation the defendant offered to show at the trial that such was the purpose of the relator in endeavoring to obtain an inspection of its books, which tender of evidence the court excluded, and the defendant excepted. The evidence was rightly excluded. The time when the inspection was demanded was within thirty days of a corporate election. The statute (Rev. Stat., sec. 720) gave the relator a right to the inspection claimed ; and where a party has a legal right to a thing, the motive which may prompt him in demanding his right is not the proper subject of a judicial investigation. *State ex rel. v. Sportsman's Park & Club Ass'n, post,* p. 326.

VI. The next paragraph of the answer sets up a by-law of the defendant, which provides as follows : " The transfer-books of the company shall be closed for not less than thirty days prior to each annual meeting of the stockholders. The board may order the closing of the transfer-books at any other times and for other purposes, and shall determine the object for which, the time and the period during which, they shall be closed." This by-law was offered in evidence at the trial and excluded. It was rightly excluded. The closing of the books, spoken of therein, does not mean the closing of them against the inspection of stockholders, but it means the closing of them against the making of further transfers upon them. If it meant the closing of them against the inspection of the stockholders for not less than thirty days prior to each annual meeting of the stockholders, then it would contravene Revised Statutes, section 720, and would be invalid, unless it has

come to be the law that a by-law of a railroad company can override an act of the legislature.

VII. The next paragraph of the answer sets up, as a reason why the relator should not be allowed to inspect the books, a state of facts tending to show that it would greatly inconvenience the defendant to allow him to do so. The court has tried the issue joined upon this paragraph of the answer, and has found against the defendant, upon a state of evidence which warrants the finding. The evidence tended to show that Mr. O'Day agreed to allow the relator to inspect the books at the recess hour on the day following that on which the demand was made, and that when he went there for that purpose the right was denied him. Individual shareholders cannot, of course, appropriate the books of a corporation, for the purpose of inspecting them, to an unreasonable extent and to the detriment of the interests of the corporation and the rights of the other shareholders. But the right of a shareholder to such an inspection being clear, it is not a sound view that the corporation can deny it upon the mere plea that it would be inconvenient to grant it. The convenience of the corporation and the convenience of the shareholder must, to some extent, yield to each other, and the law will not permit either, in the exercise of its rights, to act unreasonably toward the other.

VIII. The last defence set up by the answer is, that, in a prior proceeding by *mandamus* by the same relator against Mr. O'Day, the vice president of the defendant company, and Mr. Graydon, its transfer agent, there was a judgment in favor of the said O'Day and Graydon; and this judgment is now pleaded in bar of the present action. The circuit court rightly held that this was no bar, and excluded from evidence the record of that action. The parties were not the same, and the question requires no discussion.

IX. So much of the argument as is directed to the proposition, that *mandamus* is not a proper remedy in a case of this kind, might be answered by numerous de-

cisions running back to the year books; but it is sufficient to say that we have decided the question against the view taken by the defendant in the recent case of *State ex rel. v. Sportsman's Park & Club Ass'n*, already referred to, which does not differ substantially from this case.

The judgment will be affirmed. It is so ordered, with the concurrence of all the judges.