STATE of Missouri ex rel. Larry W. MOORE, Respondent,

v.

STATE BANK OF HALLSVILLE and Waldo Mottaz, Appellants.

No. KCD 28847.

Missouri Court of Appeals, Kansas City District.

Jan. 30, 1978.

Thomas A. Vetter, Dale C. Doerhoff, Cook, Vetter & Doerhoff, Jefferson City, for appellants.

William D. Powell, Columbia, for respondent.

Before PRITCHARD, P. J., SWOFFORD, C. J., and DIXON, J.

SWOFFORD, Chief Judge.

This is an appeal from a peremptory writ of mandamus issued by the court below directing the State Bank of Hallsville (Bank) and Waldo Mottaz (Mottaz), its majority stockholder and president, that Larry W. Moore (Moore), a stockholder and director of the Bank, be given full access to the Bank's corporate books and records for the purpose of examination and inspection during regular banking hours.

The Bank and Mottaz raise a single point on this appeal supported by four subpoints. They assert, in summary, that the trial court erred as a matter of law in concluding that Moore had an unqualified right to inspect the Bank's corporate records during regular banking hours in that; (A) it was error to declare the law to be that a director of a banking corporation has an unqualified right to inspect books and records made prior to his election as a director; (B)

it was error as a matter of law to permit such inspection to be conducted during regular banking hours when such a right of inspection should be "at some reasonable time"; (C) the judgment of the trial court was not supported by any substantial evidence; and, (D) it was error as a matter of law not to limit such inspection by place and time because such right should be exercised during a time certain, on the premises of the bank and should not extend to "older" books and records without a showing of need to inquire into a particular matter. These points are somewhat overlapping and repetitive as will appear from the discussion which follows.

The facts in this case were presented to the court below by means of written stipulations, exhibits and affidavits and are virtually undisputed. The Bank is located in the town of Hallsville, a community of approximately 750 persons, in Boone County, Missouri, and is chartered under state law. It has four full-time employees, including Mottaz, who is president. It has a five-member board of directors which includes Mottaz, his wife and brother. On December 11, 1973, Moore, a certified public accountant, acquired ownership of capital stock in the Bank and on January 12, 1974, he was elected to the board. Soon after his election he requested that he be given access to the Bank's books and records, and thereafter he made repeated requests both orally and in writing and by way of proposed resolutions to the board that he be accorded that right. The record shows at least 21 such requests, which were ignored, or in the case of the board resolutions, either defeated by vote, tabled or failed for a lack of a second.

On September 24, 1974, Moore was allowed to inspect the stock register or transfer book and the minute book of the board. On October 21, 1974, Moore filed this action, and on December 17, 1975, the Bank and Mottaz entered into a stipulation that Moore would be given access to all books and records made subsequent to his election to the board. This apparently did not satisfy Moore, however, and he persisted in this action with the results above noted. There

has never been, and is not now, any claim that Moore is not a duly qualified, elected and acting member of the Bank's board of directors.

Under these facts this appeal narrows to the sole issue of whether or not a director of a banking institution has a right of access to the corporate books and records made and reflecting the corporate activities prior to his election to the office of director, and if so, what conditions should be placed upon the exercise of such right by the trial court.

■ The Bank and Mottaz base their claim that the writ was not supported by any substantial evidence upon the fact that they have not denied Moore access to their books and records (as found by the court below) since they have agreed in writing that such access will be given to those books and records reflecting the Bank's operation since his election as director and that thereby this issue is moot and unsupported by the evidence. This argument falls of its own weight upon this record because the Bank and Mottaz have since the outset of this dispute and since their stipulation and agreement denied Moore access to any other records (except the minute book and stock register above mentioned) with an amazing and persistent vigor and resolve. Their agreement and stipulation is obviously not satisfactory to Moore, who refuses to accept such restricting access. Since Moore was a director and his access to certain records was and is withheld, there was substantial evidence to support the trial court's findings, and we must uphold such findings. *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976).

Appellants' Point I(C) is ruled against them.

■ Directors of a corporation are just what the title implies. They are the directors and managers of the corporation. Further, they act in their capacity as agents and trustees for the corporation and shareholders, and, in the case of a banking corporation, also for the depositors. *Bent v. Priest*, 86 Mo. 475, 483 (1885). Theirs is a

fiduciary relationship. Charged with these responsibilities, they must perform them based upon informed judgment. It becomes therefore axiomatic that a director have access to information contained in the corporate books and records. A director, therefore, at common law, has been held to have an absolute and unqualified right to examine such records. *State ex rel. Watkins v. Cassell*, 294 S.W.2d 647, 655[7] (Mo. App.1956) and cases cited therein. Such rule has received wide acceptance in other jurisdictions. 19 C.J.S. Corporations § 780; 18 Am.Jur., Corporations, Section 183, pp. 712, 713; 5 Fletcher Cyc. Corp., Section 2235, p. 872.

█ Where, as here, this right of inspection is sought to be enforced by mandamus, a writ of discretion and not of right, the court may temper the absolute right by conditions to avoid unreasonable or oppressive interference or disruption of corporate business. *State ex rel. Watkins v. Donnell Mfg. Co.*, 129 Mo.App. 206, 107 S.W. 1112 (1908); *State ex rel. Wilson v. St. Louis-San Francisco Railway Co.*, 29 Mo.App. 301 (1888). The mere possibility of abuse or misuse of the right does not afford any ground for its denial or restriction, 5 Fletcher Cyc. Corp., Section 2245, p. 897, and the factors which motivate a director in the exercise of this right are not the proper subjects of judicial inquiry, *State ex rel. Spinney v. Sportsman's Park and Club Ass'n*, 29 Mo.App. 326 (1888); *State ex rel. Holmes v. Doe Run Lead Co.*, 178 S.W. 298 (Mo.App.1915), and a presumption exists that inspection of books and records by a director is made in good faith and with honesty of purpose. *Watkins v. Cassell*, supra, at 652[4]. Where enforcement of inspection rights is sought through mandamus, those objecting to such inspection bear the burden of overcoming such presumption. *State ex rel. Jones v. Ralston Purina Company*, 343 S.W.2d 631, 641[9] (Mo.App. 1961) appeal transferred 358 S.W.2d 772 (Mo. banc 1962). Appellants failed to introduce evidence of any kind that Moore's desire to inspect the Bank's books and records was motivated by any improper reason; that his inspection would result in any unreasonable or disruptive interference with the Bank's business or would be harmful to the interests of the stockholders. Absent such affirmative showing on this record, it cannot be said that the trial court exceeded its jurisdiction or abused its discretion by issuing its writ of mandamus. If in the course of the execution of the mandate of the writ adjustments or modification of the mechanics as to time and place are needed, the matter can be presented to the trial court for proper action. Presumably all parties are interested in avoidance of unnecessary disruption of the Bank's business.

█ Appellants Points IA, B and D, are ruled against them.

The writ of mandamus was properly issued and the judgment is affirmed.

All concur.