Jane HAMMOND, Plaintiff–Appellant,

v.

**PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION OF COLORADO and Board of Trustees of the Public Employees' Retirement Association of Colorado, Defendants–Appellees.**

No. 08CA0078.

Colorado Court of Appeals, Div. V.

Sept. 17, 2009.

DiGiacomo, Jaggers & Perko, LLP, David R. DiGiacomo, Douglas J. Perko, Arvada, Colorado, for Plaintiff–Appellant.

Gregory W. Smith, Adam L. Franklin, Denver, Colorado; Berenbaum, Weinshienk & Eason, P.C., Gary M. Kramer, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge RUSSEL.

This is an appeal from the district court's review of an agency action. Plaintiff, Jane Hammond, appeals the judgment in favor of defendants, the Public Employees' Retirement Association of Colorado and its Board of Trustees (collectively PERA). We affirm.

## I. Introduction

Consider the following hypothetical.

Two public employees are about to retire. The two have worked the same number of years, at the same rate of pay, for the same employer. Both have accrued four weeks of paid vacation. But they receive this benefit in different ways:

- Employee A works until the end of June. She then takes a four-week vacation and is paid for these weeks at the end of July.
- Employee B also works until the end of June. In lieu of vacation, she receives an additional sum (equal to four weeks' salary) in her June paycheck.

When the time comes to calculate their retirement benefits, may PERA treat these employees the same? According to the arguments advanced here, PERA would answer yes: to fulfill its fiduciary duty of fair and equal treatment, it may count B's additional salary as paid vacation (taken in July). Hammond would answer no: under the governing statutes, PERA may not account for B's additional salary in this manner.

We conclude that PERA is correct.

## II. Background

Hammond is the former superintendent of the Jefferson County School District. Shortly before she retired, she received a lump-sum payment for her unused vacation time. PERA did not treat this payment as further compensation for Hammond's last month of work. Instead, relying on an internal policy, it "projected" the additional salary into the subsequent months, at Hammond's regular rate of pay. As a result, Hammond was credited with additional months of service, but she did not receive a significant increase in her average salary.

Hammond filed an administrative appeal challenging the calculation of her benefits on two grounds. First, PERA's internal policy is void because it was not adopted in compliance with the Administrative Procedure Act (APA), sections 24–4–101 to –108, C.R.S.2009. Second, PERA's method of accounting violates several statutes, including those defining "Salary" and "Highest average salary." *See* § 24–51–101(25), (42), C.R.S.2009. PERA's board rejected these arguments and affirmed the calculation of Hammond's benefits.

Hammond then filed an action in district court under C.R.C.P. 106(a)(4). The district court affirmed the administrative decision.

### III. Standard of Review

 On appeal from a judgment under C.R.C.P. 106(a)(4), we focus on the decision of the administrative agency, not that of the district court. *Lieb v. Trimble,* 183 P.3d 702, 704 (Colo.App.2008). Relying solely on the record before the agency board, we decide whether the agency exceeded its jurisdiction or abused its discretion. C.R.C.P. 106(a)(4); *Lieb,* 183 P.3d at 704. We do not review the agency's legal conclusions de novo but instead will affirm if the conclusions are "supported by a reasonable basis." *Lieb,* 183 P.3d at 704.

### IV. Analysis

Relying on the arguments that she presented in the administrative appeal, Hammond contends that PERA abused its discretion in calculating her retirement benefits. We reject this contention. Although we share Hammond's view of PERA's internal policy, we conclude that PERA's decision rests on a valid alternative basis.

### A. PERA's Policy is Void

Under PERA's policy, vacation pay received upon termination is prorated prospectively over as many months as possible at the employee's most recent rate of pay. This constructively postpones the employee's termination date and results in additional service credit. *See* PERA, Board Meeting Minutes (Apr. 18, 2003) (adopting Colorado

PERA's Accrued Leave Policy, *available at* http://www.copera.org/pdf/5/5–105.pdf).

The parties agree that PERA's policy is a "rule" under the APA. *See* § 24–4–102(15), C.R.S.2009. But they disagree about its nature. Hammond argues that the rule is legislative and therefore would be valid only if adopted in compliance with the APA. *See* § 24–51–204(5), C.R.S.2009 (PERA rules "shall be promulgated in accordance with the provisions of [the APA]"). PERA argues that the rule is interpretive and therefore is exempt from these rule-making requirements. *See* § 24–4–103(1), C.R.S.2009; *Colo. Motor Vehicle Dealer Licensing Bd. v. Northglenn Dodge, Inc.,* 972 P.2d 707, 712 (Colo.App.1998). We agree with Hammond.

 Whether a rule is legislative or interpretive depends on its effect: it is legislative if it establishes a norm that commands a particular result in all applicable proceedings; it is interpretive if it establishes guidelines that do not bind the agency to a particular result. *Compare Weaver v. Colo. Dep't of Soc. Servs.,* 791 P.2d 1230, 1234 (Colo. App.1990) (agency's point system was legislative because it was the sole criterion for determining a petitioner's eligibility), *with Meyer v. Colo. Dep't of Soc. Servs.,* 758 P.2d 192, 196 (Colo.App.1988) (agency's point system was interpretive because it was only a guideline and not a binding criterion); *see* 32 C. Wright & C. Koch, *Fed. Prac. & Proc. Judicial Review* § 8155 ("One should not be deceived by a literal reading of the term 'interpretative' and conclude that a rule is interpretative because it interprets a statute or another rule.").

 PERA's policy is a legislative rule because it requires a particular action (and thus achieves a particular result) in all applicable cases. Because this rule was not adopted in compliance with the APA, it is void. Therefore, to the extent that PERA relied on the policy to justify the calculation of Hammond's benefits, its decision is erroneous. *See* § 24–4–103(10), C.R.S.2009 (an improperly promulgated rule may not be relied upon or cited against any person).

### B. PERA's Calculation is Sound

In addition to its policy, PERA relied on two principles in support of its decision: first, "PERA has a fiduciary duty to treat everyone in an equal and fair manner"; second, the PERA statutes should be interpreted to achieve a result that is "just and reasonable" and "feasible of execution." We conclude that these principles constitute a valid alternative basis on which PERA's decision may be affirmed. *See Charnes v. Robinson,* 772 P.2d 62, 68 (Colo.1989) (citing *Salt River Project v. United States,* 762 F.2d 1053, 1061 n. 8 (D.C.Cir.1985)) (if an agency relies in part on an invalid rule, its decision will still be affirmed if "it is clear that ... the agency would have reached the same ultimate result" on another, valid, basis).

There is little doubt that the principles rest on a solid statutory foundation:

- Section 24–51–207(2)(a), C.R.S.2009, imposes a fiduciary duty on PERA's board of trustees. This fiduciary duty includes the duty to act fairly and equally on behalf of all PERA members and beneficiaries. *See Tepley v. Pub. Employees Ret. Ass'n,* 955 P.2d 573, 577 (Colo.App. 1997) (section 24–51–207(2)(a) requires the PERA board to "act in the interest of *all* PERA members").

- Under the general guidance set forth in section 2–4–201(1)(c)(d), C.R.S.2009, PERA statutes are presumptively intended to achieve results that are both "just and reasonable" and "feasible of execution."

And there is little doubt that the principles reasonably support PERA's decision:

- To carry out its fiduciary obligations, PERA may employ accounting methods that ensure equal treatment of employees who are similarly situated. That is what PERA did here. As our opening hypothetical suggests, there is no meaningful difference between an employee who uses her vacation after her last day of work and an employee who, like Hammond, receives a lump-sum payment in lieu of vacation. Both employees work the same number of days and should be credited with the same length of service.

- To achieve results that are just, reasonable, and feasible, PERA may avoid policies that would allow retirees to artificially inflate their retirement benefits. PERA did that too, for it reasonably concluded that Hammond's method would allow an employee to save vacation for the purpose of "spiking" her salary and retirement benefits.

Hammond does not dispute PERA's authority to advance these interests generally. Instead, she asserts that PERA's accounting method is unreasonable because it is inconsistent with the following provisions:

- Section 24–51–205(1), C.R.S.2009, which authorizes PERA to determine "service credit and salary to be used in calculations pursuant to the provisions of this article."

- Section 24–51–101(25)(a)(I), C.R.S.2009, which defines "Highest average salary" as "[o]ne-twelfth of the average of the highest annual salaries upon which contributions were paid ... that are associated with three periods of twelve consecutive months of service credit."

- Section 24–51–101(42)(a), C.R.S.2009, which defines "Salary" to include "any pay for administrative, sabbatical, annual, sick, vacation, or personal leave."

- Section 24–51–101(43), C.R.S.2009, which defines "Service credit" as "the total of all earned, purchased, projected, and uniformed service credit; however, it does not necessarily equal the number of years employed."

- Section 24–51–603(1)(a), C.R.S.2009, which establishes this formula for the calculation of retirement benefits: "Highest Average Salary × (.025 × Years and Fraction of a Year)."

We see nothing in these statutes that would prohibit PERA from treating Hammond's additional lump-sum payment as "salary" earned after her last day of work. The statutes simply do not address the issue.

The judgment is affirmed.

Judge GABRIEL and Judge NEY * concur.