Opinion by JUDGE ROTHENBERG*
*574 ¶ 1 Plaintiff, Walker Stapleton, in his capacities as Colorado State Treasurer and as a trustee of defendant, Public Employees' Retirement Association (PERA), filed this lawsuit seeking unfettered access to PERA records. He appeals the district court's order upholding the decision of the PERA Board of Trustees (Board). Because we conclude Stapleton is not entitled to unfettered access to the PERA records that he requested, we affirm.
I. Background
¶ 2 PERA is a statutory pension plan available to most State of Colorado employees and many municipal, city, county, and school district employees. In re Marriage of Kelm, 912 P.2d 545, 548 (Colo.1996) ; Colo. Springs Fire Fighters Ass'n, Local 5 v. City of Colo. Springs, 784 P.2d 766, 770 (Colo.1989). It is an instrumentality of the state and is administered by a fifteen-member Board. See §§ 24-51-201(1); 24-51-202; 24-51-204; 24-51-205, C.R.S.2012; Colo. Springs Fire Fighters Ass'n, Local 5, 784 P.2d at 770 n. 8 ; Hurricane v. Pub. Emps' Ret. Ass'n, 780 P.2d 3, 4 (Colo.App.1989).
¶ 3 In 2010, Stapleton was elected as state treasurer. By statute, the state treasurer is one of the members of the Board. § 24-51-203(1)(a), C.R.S.2012.
¶ 4 In June 2011, Stapleton wrote a letter to the Board president, which provided, in relevant part:
As a PERA trustee and fiduciary, I must act in accordance with the care, skill, prudence and diligence in light of prevailing circumstances that a prudent person acting in a like capacity and familiar with PERA matters would use. In order to carry out my role as fiduciary, I am entitled to complete access to all PERA records. Specifically, I am requesting the following records:
Individual records, not to include names or data relating to the specific identity of individual recipients, of the top 20% of PERA recipients based on annual pension benefits. Individual records provided, in the form of an electronic record, should include:
? Annual retirement benefit
? Year of Retirement
? Age of retirement
? Last five years of salary as a PERA contributor
? Zip code of Residence
? Employer Division....
¶ 5 The Board, including Stapleton, discussed the request and voted to seek advice from outside counsel. Outside counsel's written opinion stated, as relevant here, that "disclosure of member information pursuant to the terms of Treasurer Stapleton's request would likely result in a breach of fiduciary duty under PERA laws and the general principles of fiduciary conduct." Shortly thereafter, the Board voted to deny Stapleton's request.
¶ 6 In September 2011, Stapleton filed this action against PERA and the fourteen other PERA trustees in their official capacities. Stapleton sought "a declaration that PERA and Defendant trustees have breached their fiduciary duty by improperly and illegally denying the Treasurer access to the requested PERA records"; "a declaration that the Governance Manual Tab 17(14) is inconsistent with the fiduciary responsibility of PERA and Defendant trustees to the extent it impinges upon the Treasurer's fiduciary right and obligation to PERA's records"; "a writ of mandamus to give him full access to *575 the requested records in a form which is useable"; "a mandatory injunction allowing inspection of the records in a form which is useable"; and "a declaration that he is entitled to have the records presented in a format that will allow him meaningful and timely access to such records."
¶ 7 PERA and the other trustees counterclaimed, seeking
a declaration that it is lawful for PERA to provide member benefit recipient information to a Trustee only when such Trustee has demonstrated that (i) the Trustee seeks the information so he or she can perform a valid, identified fiduciary function; (ii) there is a reasonable nexus between the information requested and the valid, identified fiduciary function, including that the information will in fact assist the Trustee in performing such fiduciary function; (iii) the expenses associated with providing the requested information are reasonable under the circumstances then prevailing; and (iv) safeguards can be imposed on the production of the information to preserve the confidentiality of member and benefit recipient information, which may include conditions on the circumstances under which the Trustee may review the information.
¶ 8 They also requested a declaration that Tab 17(14) of the Governance Manual is a valid and enforceable policy of PERA; and that the Treasurer is not entitled to the information sought because he has not satisfied the conditions set forth above.
¶ 9 Thereafter, the parties stipulated to the dismissal from the lawsuit of the fourteen individual trustees.
¶ 10 PERA moved for judgment on the pleadings contending Stapleton lacks standing in his capacity as Treasurer or as a PERA trustee to bring these claims. PERA originally maintained that the trust beneficiaries were the only parties with standing to enforce the trust responsibilities or to enjoin or obtain redress for a breach of trust. However, PERA has not pursued that argument and we therefore do not address it.
¶ 11 Stapleton then filed a C.R.C.P. 56(h) motion asking the court to determine: (1) "[w]hether the Treasurer must be granted unfettered access to the records of PERA"; and (2) "[w]hether the PERA board of trustees may unilaterally place conditions on its compliance with a co-trustee's request for information, and refuse to provide the information requested unless and until those conditions are satisfied."
¶ 12 PERA filed a response to Stapleton's C.R.C.P. 56(h) motion and a C.R.C.P. 56(h) cross-motion seeking a legal determination that: (1) Stapleton is not entitled to unfettered access to PERA member and beneficiary information in his capacity as Treasurer or as a PERA trustee; and (2) a PERA trustee is only entitled to access PERA member and benefit recipient information when: (i) the trustee seeks the information to perform a valid, identified fiduciary function; (ii) there is a reasonable nexus between the information requested and the valid, identified fiduciary function, including that the information will assist the trustee in performing such fiduciary function; (iii) the expenses associated with providing the requested information are reasonable under the circumstances then prevailing; and (iv) safeguards can be imposed on the production of the information to preserve the confidentiality of member and benefit recipient information, which may include conditions on the circumstances under which the trustee may review the information.
¶ 13 The district court conducted a hearing on PERA's motion for judgment on the pleadings and the parties' C.R.C.P. 56(h) motions, and issued a detailed, written order. The court ruled that Stapleton is not entitled to unfettered access to PERA records and that PERA acted appropriately in refusing the request. The court refused to resolve PERA's C.R.C.P. 56(h) request for a general declaration concerning the circumstances under which a PERA trustee may access member and benefit recipient information, concluding it was tantamount to a request for an advisory opinion.
¶ 14 The district court ruled that Stapleton's request was inconsistent with his statutory duty to act "solely in the interest of the members and benefit recipients and for the exclusive purpose of providing benefits and *576 defraying reasonable expenses incurred in performing such duties as required by law." § 24-51-207, C.R.S.2012. The court further concluded the PERA Governance Manual Tab 17(14) is valid and enforceable.
¶ 15 The parties stipulated that the order disposed of all issues in the case. The district court agreed and entered a final judgment.
II. Standard of Review
¶ 16 Stapleton asserts that our review is de novo because we are reviewing the district court's order ruling on C.R.C.P. 56(h) cross-motions. PERA asserts that, because Stapleton sought a writ of mandamus, his action arises under C.R.C.P. 106(a)(2). PERA argues that we must review the court's order according to the requirements that a plaintiff must meet for receiving mandamus relief under C.R.C.P. 106(a)(2), which are: (1) whether the plaintiff has a clear right to the relief sought; (2) whether the agency has a clear duty to perform the act requested; and (3) whether there is no other available remedy. Jones v. Colo. State Bd. of Chiropractic Exam'rs, 874 P.2d 493, 494 (Colo.App.1994). We agree with Stapleton.
¶ 17 Although Stapleton sought a writ of mandamus as one of his claims for relief, the only issues properly before the district court were those expressly raised in the parties' C.R.C.P. 12(c) and C.R.C.P. 56(h) motions. Stapleton's entitlement to a writ of mandamus was not before the district court, and it is not before us. Cf. Kisselman v. Am. Fam. Mut. Ins. Co., 292 P.3d 964, 971 (Colo.App.2011) (clarifying that the narrow question for appeal was the question of law raised in the plaintiff's C.R.C.P. 56(h) motion). Because the parties do not challenge the court's resolution of PERA's C.R.C.P. 12(c) motion or the court's decision declining to address PERA's final C.R.C.P. 56(h) legal question, our review is further limited to only the court's rulings on the parties' C.R.C.P. 56(h) cross-motions. See Eason v. Bd. of Cnty. Comm'rs, 70 P.3d 600, 609 (Colo.App.2003) (restricting review to issue argued on appeal).
¶ 18 C.R.C.P. 56(h) provides:
At any time after the last required pleading, with or without supporting affidavits, a party may move for determination of a question of law. If there is no genuine issue of any material fact necessary for the determination of the question of law, the court may enter an order deciding the question.
¶ 19 The purpose of Rule 56(h) is
to allow the court to address issues of law which are not dispositive of a claim (thus warranting summary judgment) but which nonetheless will have a significant impact upon the manner in which the litigation proceeds. [Resolving such issues] will enhance the ability of the parties to prepare for and realistically evaluate their cases ... and allow the parties and the court to eliminate significant uncertainties on the basis of briefs and argument, and to do so at a time when the determination is thought to be desirable by the parties.
Bd. of Cnty. Comm'rs v. United States, 891 P.2d 952, 963 n. 14 (Colo.1995) (quoting 5 Robert Hardaway & Sheila Hyatt, Colorado Civil Rules Annotated § 56.9 (1985)).
¶ 20 In reviewing a district court's order addressing a C.R.C.P. 56(h) motion, we apply the same standards that governed the district court's resolution of the motion. In re Estate of McCreath, 240 P.3d 413, 417 (Colo.App.2009) ; Henisse v. First Transit, Inc ., 220 P.3d 980, 985 (Colo.App.2009), rev'd on other grounds, 247 P.3d 577 (Colo.2011) ; see also Smith v. Boyett, 908 P.2d 508, 514 (Colo.1995). The summary judgment standard of review applies to C.R.C.P. 56(h) matters. In re Estate of McCreath, 240 P.3d at 417 ; Henisse, 220 P.3d at 985 ; W. Elk Ranch, L.L.C. v. United States, 65 P.3d 479, 480-81 (Colo.2002).
¶ 21 Thus, we review an order resolving a C.R.C.P. 56(h) motion de novo. Henisse, 247 P.3d at 579. The nonmoving party is entitled to the benefit of all favorable inferences from the undisputed facts, and all doubts as to the existence of a triable issue of fact must be resolved against the moving party." W. Elk Ranch, 65 P.3d at 480-81 ; accord Henisse, 247 P.3d at 579.
*577 ¶ 22 It follows that, in deciding this appeal, we will not consider any statements by the district court that could be construed as having resolved disputed factual issues. See Bd. of Cnty. Comm'rs, 891 P.2d at 963 n. 14 (purpose of C.R.C.P. 56(h) is to address issues of law); Tripp v. Parga, 847 P.2d 165, 167 (Colo.App.1992) ("Judgment on the pleadings is appropriate if, after the trial court construes the allegations of the pleadings strictly against the movant, the movant is entitled to judgment as a matter of law .") (emphasis added); see also Wolther v. Schaarschmidt, 738 P.2d 25, 28 (Colo.App.1986) ("Generally, the issue of a party's intent is a question of fact and is not an appropriate issue for summary disposition."); cf . In re Estate of Klarner, 113 P.3d 150, 157 (Colo.2005) (whether a trustee committed a breach of trust is a factual issue).
III. Stapleton's Right to Unfettered Access to PERA Records
¶ 23 In their C.R.C.P. 56(h) cross-motions, both parties raised the issue of whether Stapleton is entitled to unfettered access to PERA records. The district court ruled that he was not, and Stapleton challenges that ruling on appeal. However, he also reframes and broadens the question as: "Whether the Treasurer, who is a statutory member of the Public Employees Retirement Association (PERA) board of trustees, may request specific, detailed information from PERA to further his fiduciary duties, as any fiduciary has a right to do under black-letter law."
¶ 24 This broad, reframed version of the issue was not raised in the parties' C.R.C.P. 56(h) motions, and we will not address it for the first time on appeal. See Johns v. Colo. Real Estate Comm'n, 697 P.2d 410, 412 (Colo.App.1984) (declining to address issue that "was not raised as an issue in the trial court").
¶ 25 The issue properly before us is whether the district court erred in ruling as a matter of law that Stapleton is not entitled to unfettered access to PERA records. See Kisselman, 292 P.3d at 971 (clarifying that the narrow question for appeal was the question of law raised in the plaintiff's C.R.C.P. 56(h) motion). We conclude the district court did not err in so ruling.
¶ 26 "A trustee has (i) a duty generally to comply with the terms of the trust and (ii) a duty to comply with the mandates of trust law except as permissibly modified by the terms of the trust." Restatement (Third) of Trusts § 76 cmt. b(1) (2007); accord Van Gundy v. Van Gundy, 292 P.3d 1201, 1205 (Colo.App.2012).
¶ 27 Here, the "terms of the trust" are contained in the statutory scheme that created and defines PERA. See Berg v. State Bd. of Agric ., 919 P.2d 254, 262 (Colo.1996) ("PERA is a creature of statute."); § 24-51-201(1) ("There is hereby created the public employees' retirement association, for the purpose of providing the benefits and programs specified in this article...."). These statutes impose various duties on the trustees that could require a trustee to have access to some PERA records in order to comply with them. For example:
? "The board shall adopt and promulgate such rules ... to specify the factors to be used in actuarial determinations or calculations required by this article." § 24-51-204(5), C.R.S.2012;
? "The board shall submit to and the state auditor shall conduct or cause to be conducted financial and performance audits of all financial transactions and accounts kept by or for the association ...." § 24-51-204(6), C.R.S.2012;
? "The board or its designated agent shall submit an annual actuarial valuation report to the legislative audit committee and the joint budget committee of the general assembly, together with any recommendations concerning such liabilities that have accrued." § 24-51-204(7)(a), C.R.S.2012;
? "The board or its designated agent shall prepare and transmit annually a report to the governor regarding the policies, financial condition, and administration of the association." § 24-51-204(8), C.R.S.2012.
¶ 28 Stapleton correctly observes that these statutory duties are part of a trustee's "functions" under *578 section 24-51-207(1), C.R.S.2012 ("[The trustees'] functions shall include any duty, obligation, power, authority, responsibility, right, privilege, activity, or program specified in this article in connection with the association."). However, PERA is also correct that trustees may not discharge their functions-including the above-mentioned statutory duties-in any manner that they choose. The statutory duty of loyalty set forth in section 24-51-207(2)(a), C.R.S.2012, limits their actions because it provides:
As fiduciaries, trustees shall carry out their functions solely in the interest of the members and benefit recipients and for the exclusive purpose of providing benefits and defraying reasonable expenses incurred in performing such duties as required by law.
¶ 29 Thus, while a PERA trustee may need to access PERA records to fulfill his or her statutory duties, such access is guided by the statutory requirements that it be (1) solely in the interest of the members and benefit recipients, and (2) for the exclusive purpose of providing benefits and defraying reasonable expenses incurred in performing such duties as required by law. See § 24-51-207(2)(a).
¶ 30 Stapleton advances several reasons why he is entitled to unfettered access to PERA records. We address and reject each of his arguments.
A. Common Law Entitles a Trustee to Unfettered Access
¶ 31 Stapleton relies heavily on the common law rule that trustees are entitled to unfettered access to trust records. See Restatement (Third) of Trusts § 81 cmt. b (2007) ("[A]bsent clear provision in the trust to the contrary, even in the absence of any duty to intervene or grounds for suspicion, a trustee is entitled to request and receive reasonable information regarding an aspect of trust administration in which the trustee is not required to participate."); George T. Bogert, The Law of Trusts and Trustees § 584 (2d ed. 1993) ("[E]ach trustee is entitled to access to trust records."); see also Wilson v. Bd. of Dirs. of City Trusts, 324 Pa. 545, 188 A. 588, 594 (1936) ("The law is clear that a trustee may compel his cotrustee to permit an examination, inspection, and audit of the records of the trust estate and all matters in connection therewith....").
¶ 32 However, this common law rule does not apply to PERA trustees to the extent that it is inconsistent with the express statutory terms of the PERA trust. See Restatement (Third) of Trusts § 76 cmt. b(1) (2007) ("A trustee has ... a duty to comply with the mandates of trust law except as permissibly modified by the terms of the trust."); see also Van Gundy, 292 P.3d at 1205.
B. Common Law Duties Require Unfettered Access
¶ 33 Stapleton also contends that a trustee must fulfill certain common law duties, and to do so, the trustee must have complete access to the trust records. See Restatement (Third) of Trusts § 77 cmt. b (2007) (a trustee's duty of care "will ordinarily involve investigation appropriate to the particular action under consideration, and also obtaining relevant information about such matters as the contents and resources of the trust estate and the circumstances and requirements of the trust and its beneficiaries"); Bogert § 584 (noting "the duty of a co-trustee to participate actively in the administration of the trust"; "the duty ... to inform each cotrustee of all material facts that have come to his attention and that are relevant to the administration of the trust"; "the basic dut[y] of every trustee to comply with the trust terms, to see that the trust is properly executed"; "[e]ach trustee's duty to compel a co-trustee to comply with the trust terms and to properly execute the trust"); see also White v. Pub. Emps. Ret. Bd ., 351 Or. 426, 268 P.3d 600, 608 (2011) (in discussing a trustee's duty to act as a prudent investor, court stated: "common-law trust principles recognize that a trustee must consider not only the amount of income or the near-term benefits for trust beneficiaries, but also the need to protect and preserve the corpus of the trust itself-another way of referring to the stability and viability of the trust").
¶ 34 However, Stapleton overlooks the common law duty of loyalty on trustees, which requires them to administer the trust "solely in the interest of the beneficiaries." Restatement (Third) of Trusts § 78 (2007) ;
*579 see Uniform Trust Code § 802 ("A trustee shall administer the trust solely in the interests of the beneficiaries."); Bogert § 543 ("A trustee's duty of loyalty has been described as inherent in the trust relationship.... A trustee is under a duty to the beneficiary of the trust to administer the trust solely in the interest of the beneficiary ...."); see also Accident & Injury Med. Specialists, P.C. v. Mintz , 279 P.3d 658, 665 (Colo.2012) (' "The trustee is under a duty to the beneficiary to administer the trust solely in the interest of the beneficiary.' " (quoting Restatement (Second) of Trusts § 170(1) (1959) )); In re Estate of Klarner, 98 P.3d 892, 897 (Colo.App.2003), rev'd on other grounds, 113 P.3d 150 (Colo.2005) ; Tepley v. Pub. Emps. Ret. Ass'n, 955 P.2d 573, 577 (Colo.App.1997) (fiduciary's obligations include, among other things, a duty of loyalty); Marshall v. Grauberger, 796 P.2d 34, 37 (Colo.App.1990) (same); Murphy v. Cent. Bank & Trust Co ., 699 P.2d 13, 14 (Colo.App.1985) (trustees have a duty of loyalty).
¶ 35 Furthermore, even if PERA trustees were permitted to access PERA records to fulfill their common law duties, as Stapleton argues, such access is still limited by the statutory requirement that it be provided solely in the interest of the beneficiaries. § 24-51-207(2)(a).
C. Common Law Regarding Corporate Fiduciaries
¶ 36 Stapleton next relies on the common law rule that corporate fiduciaries have an absolute, unqualified right to inspect corporate records, and therefore, that trustees have a similar right to unqualified access to trust records. See Semande v. Estes, 374 Ill.App.3d 468, 312 Ill.Dec. 868, 871 N.E.2d 268, 272 (2007) ; Pilat v. Broach Sys., Inc ., 108 N.J.Super. 88, 260 A.2d 13, 18 (N.J.Super.Law Div.1969) ; Javits v. Investors League, 92 N.Y.S.2d 267, 268-69 (N.Y.App.Div.1949) ; State ex rel. Oliver v. Soc'y for the Preservation of Book of Common Prayer, 693 S.W.2d 340, 343 (Tenn.1985). Stapleton observes that Colorado courts have twice stated that "[t]he fiduciary duties of a director ... are equivalent to the high standard of duty required of trustees." Kim v. Grover C. Coors Trust, 179 P.3d 86, 91 (Colo.App.2007) (internal quotations omitted); accord Kullgren v. Navy Gas & Supply Co., 110 Colo. 454, 461, 135 P.2d 1007, 1010-11 (1943).
¶ 37 However, such a rule is inconsistent with the express statutes and the duty of loyalty governing PERA trustees. See Restatement (Third) of Trusts § 76 cmt. b(1) (2007) ("A trustee has ... a duty to comply with the mandates of trust law except as permissibly modified by the terms of the trust."); Van Gundy, 292 P.3d at 1201.
D. PERA's Governance Manual
¶ 38 Stapleton also maintains that the PERA Board improperly relied on Tab 17(14) of PERA's Governance Manual, which purports to limit his access to PERA records. According to Stapleton, the Manual is not the product of formal rulemaking under the Administrative Procedures Act (APA) and therefore should not be relied upon as a source of authority. See § 24-51-204(5) (requiring PERA to "adopt and promulgate such rules for the administration of the association ... in accordance with the provisions of section 24-4-103 [, C.R.S. 2012 of the APA]"); § 24-4-103(10), C.R.S.2012 (an improperly promulgated rule may not be relied upon or cited against any person); Hammond v. Pub. Emps'. Ret. Ass'n, 219 P.3d 426, 428 (Colo.App.2009) (PERA internal policy on prorating vacation pay was void because it was not promulgated according to APA; policy was legislative, rather than interpretive, because it was not simply a non-binding guideline, but was a rule that "require[d] a particular action ... in all applicable cases"); cf . Meyer v. Colo.Dep't of Soc. Servs., 758 P.2d 192, 195 (Colo.App.1988).
¶ 39 We need not resolve this dispute because, even if we assume Tab 17(14) of PERA's Governance Manual was not properly validated, we would reach the same conclusion, namely, that Stapleton is not entitled to unfettered access to the PERA records that he requested.
E. Confidentiality
¶ 40 The parties agree the statutory requirement that member and benefit recipient *580 information be kept confidential does not bar Stapleton from accessing such information. See § 24-51-213(1), C.R.S.2012. Therefore, we do not address that issue.
¶ 41 The parties disagree whether the Board may "impose safeguards" on such information "to preserve confidentiality." However, we do not address that issue because it is not one of the C.R.C.P. 56(h) legal questions that are properly before us.
IV. Board's Conditions on Stapleton's Request for Information
¶ 42 In his C.R.C.P. 56(h) motion, Stapleton requested that the district court answer this question: "Whether the PERA board of trustees may unilaterally place conditions on its compliance with a co-trustee's request for information, and refuse to provide the information requested unless and until those conditions are satisfied." The district court concluded that "the PERA Board acted appropriately in seeking an outside legal opinion and then, when the legal opinion confirmed the Board's conclusion, in denying the information requested by the Treasurer."
¶ 43 Stapleton rephrases the issue on appeal as "[w]hether PERA may unilaterally place conditions on a trustee's right to obtain access to information held by PERA," but the rephrasing does not substantively change the question answered by the district court. We conclude the court did not err in answering the legal question before it adversely to Stapleton.
¶ 44 The PERA trustees are subject to the statutory duty of loyalty and are required to "carry out their functions solely in the interest of the members and benefit recipients and for the exclusive purpose of providing benefits and defraying reasonable expenses incurred in performing such duties as required by law." § 24-51-207(2)(a).
¶ 45 If we assume that responding to a co-trustee's request for information is part of the trustees' statutorily-specified "functions," then the Board is authorized to take whatever action will fulfill their duty of loyalty. See § 24-51-207(1), (2)(a). However, if responding to a co-trustee's request for information is not part of the trustees' statutorily-specified "functions," then the statutory duty of loyalty does not apply to the Board's responsive actions. See id . But the common law duty of loyalty would still apply. See Restatement (Third) of Trusts § 76 cmt. b(1) (2007) ("A trustee has ... a duty to comply with the mandates of trust law except as permissibly modified by the terms of the trust."); Restatement (Third) of Trusts § 78 (2007) ("a trustee has a duty to administer the trust solely in the interest of the beneficiaries"); Uniform Trust Code § 802 ; Bogert § 543 ; see also Van Gundy, 292 P.3d at 1205 ; Accident & Injury Med. Specialists, P.C., 279 P.3d at 665.
¶ 46 We therefore conclude the Board's response to a co-trustee's request for information is subject to either the statutory duty of loyalty or the common law duty of loyalty to the beneficiaries of the trust. Thus, in answer to Stapleton's original question, the Board "may unilaterally place conditions on its compliance with a co-trustee's request for information[ ] and refuse to provide the information requested unless and until those conditions are satisfied," if such actions comport with the trustees' applicable duty of loyalty. Under these circumstances, we perceive no error in the district court's answer to Stapleton's second C.R.C.P. 56(h) legal question.
¶ 47 Stapleton nevertheless contends the Board may not place conditions on, or refuse, a co-trustee's request for information because only the trustee seeking access "may decide what information he needs about the trust in order to assure himself that he is acting in accordance with his fiduciary duties as a trustee."
¶ 48 However, the other trustees also must act in accordance with their fiduciary duties, and if that requires them to place reasonable conditions on, or refuse, a co-trustee's wholesale request for information, then the trustees must do so and any trustee may turn to the courts for guidance. See § 24-51-207(2)(a) (trustees must "carry out their functions solely in the interest of the members and benefit recipients"); Restatement (Third) of Trusts § 78 (2007) ("[A] trustee has a duty to administer the trust solely in the interest of the beneficiaries....").
*581 ¶ 49 Stapleton also relies on a comment in the annotated Model Business Corporation Act, which provides: "[T]here is a presumption that significant latitude and discretion should be granted to the director, and that the corporation has the burden of establishing that a director is not entitled to inspection of the documents requested." Model Business Corp. Act An. § 16-.05, cmt. (2011); see also State ex rel. Moore v. State Bank of Hallsville, 561 S.W.2d 722, 725 (Mo.Ct.App.1978) ("Where enforcement of inspection rights is sought through mandamus, those objecting to such inspection bear the burden of overcoming such presumption."). He also cites Colorado appellate decisions which have stated that "[t]he fiduciary duties of a director ... are equivalent to the high standard of duty required of trustees." Kim, 179 P.3d at 91 (internal quotations omitted); accord Kullgren, 110 Colo. at 461, 135 P.2d at 1010. Based on these authorities, Stapleton contends that, in Colorado, trustees have a presumptive "right to information held by the trust[, and] the heavy burden of overcoming that presumption of access should be borne by the party resisting disclosure." But even if we assume that trustees have a presumptive right to access PERA records and that the Board bears a "heavy burden" in resisting disclosure, Stapleton acknowledges that such a presumption is rebuttable.
¶ 50 Stapleton next contends that the Board cannot place conditions on, or refuse, a co-trustee's request for information because the judiciary is the arbiter of whether a trustee has violated his or her fiduciary duties. We agree that, pursuant to section 24-51-207(5), C.R.S.2012, the judiciary is charged with deciding whether a trustee has violated any provision of the PERA statutory scheme, and that, under the common law, the judiciary has the authority to resolve alleged violations of fiduciary duties.
¶ 51 However, this judicial authority does not prevent trustees from acting in ways that they conclude will not violate their fiduciary duties, pending a resolution in the courts. See § 24-51-207(2)(a). The fact that the court may be the ultimate arbiter of an alleged breach of a fiduciary duty does not preclude the Board from placing reasonable conditions on, or even reasonably refusing, a co-trustee's request for information, if the Board determines that such conditions or such refusal comports with the Board's own fiduciary duties.
¶ 52 Nothing in this opinion is intended to prevent Stapleton from seeking access to PERA member and beneficiary information in the future. However, as the proponent of such a request, he bears the burden of establishing that his request is consistent with a fiduciary purpose and would not impose an unreasonable expense on PERA, as previously discussed in this opinion. See Colo. Real Estate Comm'n v. Bartlett, 272 P.3d 1099, 1102 (Colo.App.2011).
V. Conclusion
¶ 53 The district court's order is affirmed.
JUDGE WEBB and JUDGE RICHMAN concur.

Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5 (3), and § 24-51-1105, C.R.S.2012.